## STATE v. HUNTER.

An indictment, under the 2d sec. of the act concerning Grocers, passed in 1837, (see Sess. Acts of 1837, page 64,) charging that defendant "did sell, retail, and deliver ten pounds of nails," &c. "without a license," &c. is defective; because it is not specified that defendant *dealt* in the selling of such articles, and that they were "goods, wares, and merchandise, not the growth or manufacture of this State."

*Cook*, counsel for appellee.

EDWARDS, Judge, delivered the opinion of the court.

Hunter was indicted in the circuit court of New Madrid county, as a grocer, and on his motion, the court quashed the indictment. The State appealed.

The indictment charges, that "he, the said William Hunter, then and there, did sell, retail, and deliver unto the said Silas Lee, ten pounds of nails without a grocer's license, then being and continuing in force, him, the said William Hunter, then and there to authorize to exercise the trade and business of a grocer."

An indictment, under the 2d sec. of the act concerning Grocers, passed in 1837, (see Sess. Acts of '37, p. 64) charging that def. "did sell, retail, and deliver ten pounds of nails," &c. "without a license," &c. is de-
This indictment is founded on the fourth section of the act of 1835, R. C. p. 292, and the second section of an act passed in 1837, p. 64, pamphlet laws. This last section provides, that "every person who shall deal in the selling of wines or distilled spirituous liquors, in less quantities than fifteen gallons, shall be considered a grocer; and every person who shall deal in the selling of goods, wares, or merchandise, which are not the growth or manufacture of this State, shall be considered a grocer." Here are two distinct definitions of the term grocer, and un-

der the law there may be two distinct offences. To "deal in the selling of wines or distilled spirituous liquors in less quantities than fifteen gallons," " without a license continuing in force," constitutes one offence; and to "deal in the selling of goods, wares, or merchandise, not the growth, produce or manufacture of this State," "without a license continuing in force," constitutes another offence. To charge either of these offences without the other, would be sufficient to support an indictment under this act. Each constitutes a clear definition of an offence punishable by law.

The indictment here charges no offence under the first branch of the second section, under which this indictment is founded. It charges that the defendant "did sell and retail, and deliver" ten pounds of nails. The charge should have been, that he did "deal in the selling of goods, wares and merchandise;" and charging even these words alone, would have been insufficient, because the " goods, wares and merchandise" may have been "the growth or manufacture of this State," in which event the defendant might lawfully have sold them without a license.

This indictment is then bad, because the words " did sell, retail, and deliver" ten pounds of nails, are not the words of the statute, which must be strictly pursued, and because it is not charged that the goods sold were "not the growth or manufacture of this State." The judgment of the circuit court ought, therefore, to be affirmed, and the other judges concurring, it is affirmed.