State v. Shiflett.

THE STATE, Plaintiff in Error, vs. SHIFLETT, Defendant in Error.

1. An indictment upon one section of a statute need not negative an exception in a subsequent section.

*Error to Linn Circuit Court.*

*Gardenhire,* (attorney general,) for the State. 1. When a statute contains provisoes and exceptions in distinct clauses, it is not necessary to state in the indictment that the defendant does not come within the exceptions, or to negative the provisoes. (1 Chitty's Crim. Law, 283. 2 Hale, 171. Hawk. C. 2, c. 25, s. 112. *State* v. *Adams,* 6 N. Hamp. 533–4.) 2. The indictment is not double. (*Storrs* v. *State,* 3 Mo. Rep. 7.) 3. The venue is sufficiently laid. (1 Chitty's Crim. Law, 198. *State* v. *Edwards,* 19 Mo. Rep. 677.)

No appearance for defendant in error.

RYLAND, Judge, delivered the opinion of the court.

The defendant, James Dudley Shiflett, was indicted at the April term of the Circuit Court for the county of Linn, in the year eighteen hundred and fifty-three, for wilfully and unlawfully opening one sealed letter not addressed to himself, and

State *v.* Shiflett.

without authority from the writer thereof, or from the person to whom it was addressed.

The defendant appeared to the indictment at the October term of the court, and made his motion to quash the same, for the following reasons : " That said indictment does not negative the fact that said offence is punishable by the laws of the United States ; that said indictment is defective in joining two separate offences in the same count; that said indictment does not give venue to the person by whom said letter was written, &c. ; no venue to the reading of the letter ; no sufficient venue to the material charges contained in the same ; and that the indictment is double, informal, insufficient and uncertain."

The Circuit Court quashed the indictment. The circuit attorney excepted to the ruling of the court, filed his bill of exceptions, and brings the case here by writ of error.

1. The indictment is based upon the 40th section of the 8th article of the statute concerning " Crimes and Punishments," (R. C. 1845, p. 406,) which section is as follows, viz : " If any person shall wilfully open or read, or cause to be read, any sealed letter not addressed to himself, without authority to do so from the writer thereof, or from the person to whom it is addressed, he shall, on conviction, be adjudged guilty of a misdemeanor, and shall be punished by fine not exceeding two hundred and fifty dollars, or by imprisonment in a county jail not exceeding three months."

Sec. 41. " Every person who shall publish the whole or any part of the contents of such letter, without the authority of the writer thereof, or of the person to whom it is addressed, knowing the same to have been unlawfully opened, shall, on conviction, be adjudged guilty of a misdemeanor, and punished as in the preceding section is specified."

Sec. 42. " The two last sections shall not extend to the breaking open of letters, which shall be punishable by the laws of the United, States."

The indictment charges that James Dudley Shiflett, late of

Linn county, "on, &c., with force and arms, at the county aforesaid, one sealed letter, then and there being, and then and there addressed to one Catharine Buchanan, and purporting to have been written by one George Gimmett, did then and there wilfully and unlawfully open and read said letter, without any authority from the said Catharine Buchanan, or from the said George Gimmett, then and there authorizing him, the said James Dudley Shiflett, to open and read said letter, contrary," &c.

This indictment is substantially good; the venue is properly laid to all the material charges therein, and there is not the least pretext for considering it double. The charge is but one offence, and it is stated sufficiently plain. I presume the court below quashed it for the reason first assigned by defendant in support of his motion, "that the said indictment does not negative the fact that said offence is punishable by the laws of the United States."

There is no force in this objection. It is a well settled rule that, when a statute contains provisoes and exceptions in distinct clauses, it is not necessary to state in the indictment that the defendant does not come within the exceptions, or to negative the provisoes it contains.

In the case of *The State* v. *Adams*, (6 N. Hamp. Rep. 533,) the court laid down this rule thus : "The rule is, where the exception is in the enacting clause of the statute, it must be negatived in the indictment. But where it is in a subsequent clause of the statute, it is mere matter of defence." It is laid down in Bacon's Abridgment, tit. "Indictment," letter H, 3, that "There is no need to allege in an indictment on a statute, that the defendant is not within any of its provisoes, notwithstanding the purview expressly takes notice of them, as by saying that none shall do the thing prohibited otherwise than in such special cases, &c., as are expressed in the act." Lord Mansfield, in the case of the *King* v. *Morice Jarvis*, (Hilary term, 30 Geo. II, reported in 1 East. Rep. 646, in notes,) said : "For it is a known distinction that, what comes by way of proviso in a statute, must be insisted on by way of defence

by the party accused; but where exceptions are in the enacting part of the law, it must appear in the charge that the defendant does not fall within any of them." Same rule laid down in Chitty's Crim. Law, vol. 1, p. 283, (*a*.)

In *Commonwealth* v. *Maxwell*, (2 Pick. 140,) Putnam, Judge, said : " The rule is, that where the enacting clause describes the offence, with certain exceptions, it is necessary to state all the circumstances which constitute the offence, and to negative the exceptions ; but where the exceptions are contained in separate clauses or provisions of the statute, they may be omitted in the indictment, and may be shown by the defendant as matters in defence."

In *Vavasour* v. *Ormrod*, (6 Barn. & Cress. 430, reported in 13 Eng. Com. Law R. 225,) Lord Tenterden, Chief Justice, said : " If an act of parliament, or a private instrument contain in it, first, a general clause, and afterwards a separate and distinct clause, which has the effect of taking out of the general clause something which would otherwise be included in it, a party relying upon the general clause, in pleading, may set out that clause only, without noticing the separate and distinct clause which operates as an exception. But if the exception itself be incorporated in the general clause, then the party relying on it must, in pleading, state it with the exception ; and if he state it as containing an absolute unconditional stipulation, without noticing the exception, it will be a variance."

In the case of the *United States* v. *Hayward*, (2 Gallison's Rep. 497,) Justice Story, in delivering the opinion, said : " The general rule of law is, that it is sufficient to negative the exceptions in the enacting clause of a statute, and exceptions which come in by way of proviso or in subsequent statutes, are properly matter of defence for the defendant." (See the *King* v. *Bryan*, 2 Strange, 1101. *Teel* v. *Fonda*, 4 Johns. Rep. 306.) This doctrine is well settled. Lord Mansfield, nearly a hundred years ago, spoke of it as a long established and well known rule.

Now let us apply it to the case before us. The fortieth sec-

tion above cited, of the act concerning crimes and punishments, article 8, is the clause or section creating this offence. This section is the enacting clause, where the offence has its legal origin ; it is there first pointed out and created by the statute. The 42d section has the exception to the offence ; it is in a subsequent and different clause from the one enacting or creating the offence ; and, under the well known and long established rule, in such cases, the indictment need not negative the matters creating the proviso or the exception.

The indictment then, in this case, is considered sufficient, and it was error in the Circuit Court to quash it. (See *State v. Edwards*, 19 Mo. Rep. 675.)

The judgment of the Circuit Court is reversed, and the cause remanded for further proceedings ; Judge Scott concurring.

