State v. Cox.

II. The instructions given by the court below, at the instance of the State, were too favorable for the defendants, and furnish no ground for the reversal of the judgment.

---

STATE, Respondent, v. R. F. Cox, Appellant.

*Indictment.*—When a statute contains provisos and exceptions in distinct clauses, it is not necessary to state in the indictment that the defendant does not come within the exceptions, or to negative the provisos of the act.

*Indictment—Merchant without License.*—An indictment which charged that the defendant did "sell at a certain store, stand, and place, &c., various articles of goods, wares and merchandise, and drugs and medicines, &c., without having a license or legal authority to sell the same," charges the defendant as dealing as a merchant without a license, and its defects are cured by the provisions of the statute. (R. C. 1176, § 27.)

*Appeal from Christian Circuit Court.*

The defendant was indicted at the September term, 1860, of the Christian Circuit Court, before P. H. Edwards, judge, for dealing as a merchant, under an act to license and tax merchants, (Acts 1858–9, p. 54, § 2,) without taking out license.

At the March term of the court for the year 1861, the defendant filed his motion to quash, which was sustained by the court, and the State appealed.

State v. Cox.

*Welch*, attorney general, for the State.

I. Where an offence is created by statute, and exceptions are contained in the statute, but not in the section creating the offence, it is not necessary to negative such exceptions in the indictment; but the defendant must, by proper proof, bring himself within the exceptions. (State v. Shiflett, 20 Mo. 415; State v. Buford, 10 Mo. 703; State v. Edwards, 19 Mo. 674; 1 Chit. Crim. Law, 283.)

II. Although the indictment in this case may be informal or technically insufficient under the decisions of this court in the cases of State v. Hunter, 5 Mo. 360, and State v. Martin, 5 Mo. 361, by reason of alleged informalities, yet the Legislature, in 1855, (R. C. 1855, p. 1176-7,) for the purpose of arresting the practice of quashing indictments for informalities and deficiencies which did not affect the substantial merits of the cause, or prejudice the substantial rights of a defendant indicted, enacted that no indictment should be deemed invalid, or the judgment arrested, for any defect or imperfection which did not tend to the prejudice of the *substantial rights* of the defendant *upon the merits*. The statute of 1835, which was the statute under which the foregoing decisions were rendered, was materially different from the act of 1855; and although those decisions might be held correct under the law in force when they were rendered, yet that very practice of quashing indictments for unsubstantial objections, and thus involving the State in immense bills of costs, became an evil of such vast magnitude that the Legislature felt it to be their duty to declare a different rule for the government of our courts in future. It is submitted that under the act of 1855 the indictment in the present case should be held sufficient.

BATES, Judge, delivered the opinion of the court.

The indictment charges that the defendant did "unlawfully sell at a certain store, stand and place, occupied by him for that purpose, various articles of goods, wares and mer-

chandise, and drugs and medicines, the names of which are unknown to said grand jurors, without having any license or legal authority whatever to sell the same, contrary to the statute," &c.

On motion of defendant, the court quashed the indictment.

The statute (Acts 1858-9, p. 53) provides that " every person or copartnership of persons who shall deal in the selling of goods, wares and merchandise, at any store, stand or place occupied for that purpose, is declared to be a merchant ; " and that " no person or copartnership of persons shall deal as a merchant without a license first obtained according to law."

The essence of the offence is the dealing as a merchant without a license. The single act of selling one or more articles would not constitute the offence ; and if the sale of a specific article were charged, it would be necessary also to charge that the defendant did deal as a merchant. (State v. Hunter, 5 Mo. 360 ; State v. Martin, 5 Mo. 361.) This indictment, however, charges that the defendant did sell at a store, stand and place occupied for that purpose, various articles of goods, wares and merchandise, thus defining the defendant as a merchant dealing without license.

It was not necessary to aver that the goods were not of the manufacture or production of this State. " It is a well settled rule, that when a statute contains provisos and exceptions in distinct clauses, it is not necessary to state in the indictment that the defendant does not come within the exceptions, or to negative the provisos it contains." (State v. Shiflett, 20 Mo. 417.)

Whilst the indictment is inartificially drawn, and is not recommended as a precedent, it cannot be said that it concontains any defect or imperfection which tends to the prejudice of the substantial rights of the defendant upon the merits. (R. C. 1855, p. 1176-7.)

Judgment reversed, and cause remanded for further proceedings. Judges Bay and Dryden concur.