# SUPREME COURT.

### Rex *vs*. Gillingham.

ALLEGATIONS as to time and place of the commission of an offense should be made with greater certainty before the appellate tribunal (the Circuit Court) than may be required to be shown upon the record of the District Magistrate.

The Court regard the proceedings of an appeal from a District Justice with less technical precision than on an indictment.

In an indictment for selling spirituous liquors without license, the burthen of proof is on the defendant to show that he had a license.

Before Chief Justice ALLEN and Mr. Justice DAVIS.

ALLEN, C. J.

This case came before us upon exceptions taken to the opinions of and direction of the Circuit Court of the Fourth Judicial Circuit.

The counsel for respondent makes certain exceptions. *First*, That the Court erred in denying the motion to quash the conviction, before the District Justice of the District of Koloa, Island of Kauai, on the ground that there was nothing on the record, sent up by said Justice, that showed the time when, or the place where, the alleged offense was committed. By adverting to the 919th Section of the Civil Code, it will be seen that the District Justice has fully complied with its requirements. The Section is as follows: "Every District Justice shall have all the necessary powers in and for the administration of justice in all cases coming within his jurisdiction. He shall not be confined to forms, nor shall he be compelled in any case to preserve any other record of his proceedings than the mere conclusion, determination, or judgment at which he may arrive."

It was a proper matter of argument before the Magistrate, whether the Government had proved the offense to have been committed on any particular day, or at any place within his jurisdiction. For the purposes of a trial before the Circuit Court, the record was all that could be required of the District Justice.

While the Court is of opinion that the Magistrate did all that the law required of him, it was the duty of the Attorney-Gen-

Rex *vs.* Gillingham.

eral to make his allegations more precise, and from the record of the Circuit Court it appears that he did, for he charged the defendant with having from the 1st day of January, 1864, to the 11th of June, 1864, vended spirituous liquors, without having obtained a license, to various and divers persons at Koloa, Kauai, in violation of law, and proof was adduced satisfactory to the Court of sufficient precision as to time and place of vending, for the testimony of one of the witnesses, a Hawaiian, was that he purchased two bottles of ale on New Year's Day in 1864. There was other testimony of selling spirituous liquors at various times, but not fixing the precise day, but approximating to it. The Court regard the proceedings of an appeal from a magistrate with less technical precision than on an indictment.

The counsel contends further, that the Court erred in deciding that the District Justice at Koloa had summary jurisdiction to convict under the law with a violation of which defendant was charged.

By the Constitution of 1852, the right of trial by jury in all cases in which it has heretofore been used in this Kingdom, shall remain inviolable forever.

By the law of 1846, which authorized the Minister of the Interior to grant to the highest bidder licenses to retail spirituous liquors, a condition was inserted in the bond, that he would not violate any of the conditions of the license, but if he did, upon proof being made to the satisfaction of a common magistrate, without the intervention of a jury, the penalty of five hundred dollars would be incurred.

By the law of 1847, which was passed to regulate the sale of ale, beer, &c., there was a provision for the violation of the law, that upon conviction before any Police or District Justice, a fine of five hundred dollars for the offense might be imposed.

By the law of 1860, jurisdiction was given to the District Justices and the Police Magistrates to hear and determine, subject to appeal, all complaints for any violation of the license law, without limit in respect to amount of penalty to be imposed for such violation.

From these provisions it is very evident that the usage has been to try complaints of this character without the interven-

tion of a jury. The history of judicial proceedings fully sustains this position.

The counsel contends further, that the verdict was contrary to law and evidence, that the respondent had not a license to vend spirituous liquors.

The case of Commonwealth *vs.* Thurlow (24 Pickering's, page 374), was cited as an authority to sustain this position. This Court in this case say that it is incumbent upon the Government to produce *prima facie* evidence that the respondent was not duly licensed. This decision was made in accordance with what the Court regarded as the requirements of the Statute of Massachusetts.

The licenses there are granted by the County Commissioners, and the Clerk of the Judicial Courts is also Clerk of the Court of County Commissioners, and it is made his duty to make a record of the proceedings of all the Courts of which he is clerk, and has the custody of all the records. The authority to retail ardent spirits is the order of that Court, or, the record of that order is the only legal evidence of it. This is a strong illustration of the importance of examining the peculiar statutes of a country, as controlling the decision of their Courts.

In the first volume of Greenleaf's Evidence, Section 19, it is declared that when the subject matter of a negative averment lies peculiarly within the knowledge of the other party, the averment is taken as true unless disproved by that party; such is the case in a civil and criminal prosecution for a penalty for doing an act which the statute does not permit to be done by any persons, except those who are duly licensed therefor, as for selling liquors, exercising a trade or profession. In Harrison's case, reported in Roscoe's Criminal Evidence, p. 56, in an information for selling ale without license, it was held that the informer was not bound to produce evidence that the accused had not a license. In The State *vs.* Gening, 1 McCord, p. 573, in an indictment for selling spirituous liquors without a license, it was decided that the burthen of proof was on the defendant to show that he had a license.

Starkie in his treatise on evidence says (vol. 1, p. 376,) upon a penal action for sporting without qualification, it is incumbent on the defendant to prove his qualifications. There is,

undoubtedly, some conflict of authorities on this question; but the general doctrine is, that in prosecution for a penalty for doing acts which the statute prohibits, excepting those who are licensed therefor, there is no presumption that permission had been duly obtained. The respondent can easily produce his license if he has one.

The Court are of opinion that the objection, that no proof was offered by the Crown, that the respondent was not licensed, cannot be sustained, and that the license must be shown by the party claiming its protection. But in this case a statute positively interdicts the grant of a license for the retail of spirituous liquors in all other parts of the Kingdom except Honolulu. Therefore, no legal license for retailing could be shown for Koloa. There was no person authorized to issue a license, and hence to require evidence that a license prohibited by law was not granted, would be carrying the law of evidence of proving a negative averment to an extreme.

Exceptions overruled.

Attorney General, for the Crown.

Mr. Stanley, for respondent.