THE STATE OF MISSOURI, Appellant, v. ALBERT WILLIS, Respondent.

1. *Criminal Practice—Indictment—Merchant.*—An indictment which charges the defendant with unlawfully dealing, as a merchant, at his place, &c., without having a license, &c., by selling, &c., although informal, is good upon motion to quash, as the defect does not affect the substantial rights of the defendant. (State v. Cox, 32 Mo. 566.)

State v. Willis.

*Appeal from Laclede Circuit Court.*

WAGNER, Judge, delivered the opinion of the court.

The indictment in this case charges that the defendant did, on the 11th day of April, 1864, "at his place occupied for that purpose, unlawfully deal as a merchant, without then and there having a license authorizing him to deal as a merchant, by then and there selling to one D. A. W. Morehouse articles of merchandise, which articles " were not, &c.

The defendant filed his motion to quash, which was sustained by the court and the State appealed.

The indictment is framed on the law of 1858–9 (Session Acts, p. 53). The first section declares that every person or co-partnership of persons who shall deal in the selling of goods, wares, and merchandise, at any store, stand, or place, occupied for that purpose, is declared a merchant." The second section enacts that no person " shall deal as a merchant without a license first obtained according to law."

Whilst the indictment is very inartificially and informally drawn, we are of opinion that it is sufficient. No indictment shall be affected for any " defect or imperfection which does not tend to the prejudice of the substantial rights of the defendant upon the merits." (R. C. 1855, p. 1176, § 27.)

The selling of goods, and dealing as a merchant without license, is the gravamen of the offence. The defendant is charged with dealing as a merchant without license, at a place occupied by him for that purpose. This fully apprises him of what he is called on to defend against, and we do not see how any injury can result to him, because the alleged offence is not described with technical legal precision. This case is not distinguishable from State v. Cox, 32 Mo. 566.

The judgment is reversed and the cause remanded. The other judges concur.