STATE OF MISSOURI, Respondent, *v.* CHARLES JACOBS, Appellant.

*Criminal Practice—Indictment— Merchant.*—An indictment charging that the defendant did unlawfully deal as a merchant at a certain store, and did then and there sell divers goods, &c.—to-wit; one coat—to J. S., for the sum of, &c., without having any merchant's licence, or any legal authority therefor, is sufficient. The offence consists in the dealing as a merchant without a licence—State v. Willis, 37 Mo. 192.

## Appeal from Greene Circuit Court.

The defendant was indicted in the Circuit Court of Greene County for dealing as a merchant without a licence. The indictment charged that the defendant "did then and there unlawfully deal as a merchant at a certain store, and did then and there sell divers goods, wares and merchandise, to-wit, one black coat, to John H. Lee, for the sum of six dollars, without then and there having a merchant's licence, or any other legal authority therefor." The defendant demurred to the indictment.

*Phelps* and *T. A. Sherwood*, for appellant.

I. The indictment does not charge that the store was "occupied" for the purpose of selling goods—State v. Martin, 5 Mo. 361.

II. The indictment charges but one act of selling; this does not constitute a merchant—State v. Whittaker, 33 Mo. 457; State v. Martin, 5 Mo. 361.

III. Indictments based upon statutes must conform to the acts under which they are drawn—State v. Helm, 6 Mo. 263, and cases there cited; State v. Mitchell, 25 Mo. 420; State v. Fleetwood, 16 Mo. 448.

Attorney General, for respondent, referred to State v. Willis, 37 Mo. 192.

WAGNER, Judge, delivered the opinion of the court.

The indictment in this case must be held good according

JEFFERSON CITY.

to the decisions of State v. Cox, 32 Mo. 566, and State v. Willis, 37 Mo. 192. It is true there is but one single act of selling alleged in the indictment; and if that was the only averment, it would be fatal. But the gravamen of the offence is the dealing as a merchant without licence, and that is sufficiently charged.

The judgment must therefore be affirmed. Judge Holmes concurs; Judge Lovelace absent.

