Rex *v.* Yat Sing and Rex *v.* Asiu et al.

## SUPREME COURT—IN BANCO.

### JANUARY TERM—1876.

*Harris and Judd, J. J.*

REX *vs.* YAT SING (CHINAMAN), AND REX *vs.* ASIU ET AL. (CHINAMEN).

These cases were considered together as involving similar principles.

The "opium law" of 1874, held to be NOT unconstitutional or retrospective.

The prisoner Yat Sing is indicted for selling opium, contrary to the provisions of Section 1 of the Act of August 8th, 1874, entitled "An Act to restrict the importation and sale of opium." Section 1 of this Act makes a penal offense, the importing, selling, giving or furnishing opium or any preparation thereof to any person in this kingdom, except as provided for in Section 2 of the Act. The second section authorizes the importation of opium by the Board of Health and its sale by this Board to duly graduated and licensed physicians and surgeons. It is objected by the counsel for the prisoner that the Act above referred to is unconstitutional and void, because its *title* does not express all the objects of the Act; and it is therefore an enactment contrary to the 77th Article of the Constitution which reads: "To avoid improper influences which result from intermixing in one and the same Act, such things as have no proper relation to each other, every law shall embrace but one object, and that shall be expressed in its title."

The prisoner being indicted for the offense of selling opium, and the title of the Act, reading "An Act to restrict

the importation and *sale* of opium," it is clear that so far as the offense of selling opium is concerned the Act is no broader than its title.

The general authority of the Legislature to exercise its police power and to prohibit the importation and sale of any article which in the exercise of its wisdom it deems to be deleterious to the public health is not questioned.

This section is deemed to be unconstitutional for the further reason that it makes the sale of opium a penal offense, whereas by other laws of the kingdom (Acts of 1860, and Acts of 1874, Chapter 38) the importation and sale of opium by licensed dealers was authorized, and therefore this law is "retrospective" and void, being contrary to Article 16 of the Constitution, which declares that "no retrospective laws shall ever be enacted."

A complete answer to this objection is the fact that the opium which *this* prisoner was convicted of selling was proven at the trial to have been bought by him some two months before the sale of which he was convicted, and at that date the law which authorized the sale of opium by licensed dealers was not in force, but had become abrogated by the law under discussion. Morever, the *sale* of opium by any other than licensed dealers or physicians was forbidden by the former laws above referred to.

Section 1, therefore, of the Act under which this prisoner is indicted and convicted is constitutional, and the Court will not listen to objections made by *him*, as to the unconstitutionality of other parts of this Act, for *his* rights are not involved any further. He can only inquire whether his conviction is under a constitutional law.

The prisoner *Asiu* is indicted under Section 3 of this Act, which reads: "Any person who shall have in his possession opium, or any preparation thereof which he shall not have received from the Board of Health or from a duly licensed physician or surgeon as prescribed in Section 2 of this Act,

85

shall forfeit such opium or preparation thereof to the Hawaiian Government, and the same shall be seized and delivered to the Board of Health, and such person shall be imprisoned for a term of not more than one year, with or without hard labor in the discretion of the Court."

This section is also claimed to be unconstitutional, because " retrospective."

Here we must notice the failure on the part of the prisoner to show that this opium which he had in his possession had been purchased from a duly licensed dealer in opium while the law authorizing it was in force.

But why may not one Legislature declare illegal a traffic which a previous Legislature had sanctioned ? Such a law is not strictly " retrospective," it does not impair any " vested right," for the privilege of importing opium by a licensed dealer, while it existed, was a statutory privilege and lasted for but one year, as was also the right to sell opium to a Chinaman; and the law is settled that a statutory privilege is not a vested right.

The effect of the principle contended for by the prisoner's counsel would be to prevent the Legislature of this kingdom from repealing any of the existing license laws and from prohibiting the exercise of any particular traffic now licensed; as in the case of spirits for example, the trade in which is now licensed, but which the next Legislature might deem hurtful to the community and wish to prohibit.

On grounds of public policy the Legislature formerly thought it wise and proper to restrict the importation and sale of opium by allowing this privilege to two licensed dealers in Honolulu at a high charge, and they made the further restriction that it could be sold only to Chinamen; the Act of 1874 restricts the importation and sale of this drug still further by conferring this privilege upon the Board of Health alone.

This law is not unjust or oppressive in this regard, for it

gave one year's notice before it went into operation, and this period the Legislature considered to be ample time in which all parties having opium in their possession could rid themselves of the article.

The case presented is not that of the licensed dealers, under the state of facts of the Legislature by one law authorizing them to import opium and then by another law making the possession of this opium a penal offense and the opium liable to confiscation; for if, without due and reasonable notice to them, their property thus legally acquired and held should be confiscated, they might perhaps have just grounds for presenting a claim for indemnity to the Legislature.

But it is claimed that Section 3d of this Act is unconstitutional and void because there is nothing in the title of the Act to indicate that the possession of opium is punishable; and that this Section, because broader than the title, should fall.

It is only necessary that the title of an Act should express its object, i. e. the purpose for which it is intended, and it is not necessary that every provision of the Act should be indicated in the title, for that would require the title to be as full and comprehensive as the Act itself. It is sufficient if the section under contention in truth carries out the object of the Act itself.

The object of the Act is declared by the title to be the restricting of the importation and sale of opium, and this Section 3, punishes the having of the opium in possession, which tends absolutely and directly to restrict its importation and sale. It is true that the section was intended also to have the effect of preventing the use of opium; but though this may be one of the legitimate effects of this section and perhaps its most obvious intention, it is not unconstitutional, for it also carries out the declared object of the law, i. e. the restriction of the importation and sale of opium in this Kingdom.

The revenue laws against smuggling contain provisions that articles upon which the duties are not paid may be confiscated; but such laws are not unconstitutional, because their object is the raising of revenue.

In order to prohibit sales of opium otherwise than by the Board of Health or upon prescriptions of duly graduated and licensed physicians in cases of sickness, the law has made its possession illegal, except as above limited; and we do not consider such a law to be unconstitutional.

A. S. Hartwell and W. C. Jones for prisoners.

E. Preston, Deputy Attorney General, for the Crown.

Honolulu, January 21st, 1876.