THE STATE, *Appellant*, v. O'BRIEN.

Pleading, Criminal: EXCEPTIONS IN STATUTES. When an exception is contained in a statute defining an offense and constitutes a part of the offense, an indictment for such offense must negative the exception; but when the statute contains a proviso exempting a class therein referred to from the operation of the statute, an indictment need not negative the proviso. The accused must make the exemption a ground of defense. *So Held*, in reference to the proviso to sec-

74 549
38a 556

74 549
41a 26

74 549
47a 605

74 549
54a 314

74 549
60a 287

74 549
136 351

74 549
178 42

tion 1 of the act of 1877 in relation to the practice of medicine and surgery. Sess. Acts 1877, p. 343.

*Appeal from Perry Circuit Court.*—HON. WM. N. NALLE,. Judge.

REVERSED.

*D. H. McIntyre,* Attorney General, for the State, cited 1 Archb. Crim. Prac. and Plead., 86, 118 ; *State v. Cox,* 32 Mo. 566 ; *State v. Taylor,* 73 Mo. 52 ; 1 Chitty Crim. Law,. 283 b.

*J. C. Noell* for respondent.

HOUGH, J.—The defendant was indicted for practicing medicine in violation of section 1 of the act of April 28th, 1877, which is as follows :  " It shall hereafter be unlawful for any person to practice medicine or surgery in this State who shall not have first received the degree of doctor of medicine from a medical college or university duly estab-- lished under and by virtue of the laws of the country in which such college or university is situated ; and any person who shall violate the provisions of this section shall be guilty of a misdemeanor, and upon conviction he shall. be fined in a sum not less than $100 nor more than $500 ;. provided, however, that this section shall not apply to any person who may now be authorized to practice medicine or surgery in this State by virtue of existing laws of the State in relation thereto."   The foregoing proviso refers to section 3 of the act of March 27th, 1874, which required all persons then practicing medicine, or who should com- mence to practice before the 1st day of September of said year, to register their names in the office of the clerk of the county in which they resided, and thereupon authorized them to practice without having received the degree of doctor of medicine as provided by the 1st section of that act.   The indictment before us did not negative the. proviso contained in section 1 of the act of 1877, and for·

that reason it was held by the circuit court to be insufficient.

This ruling was erroneous. Whenever an exception is contained in the section defining an offense, and constitutes a part of the description of the offense sought to be charged, the indictment must negative the exception, otherwise no offense is chargea. *State v. Meek,* 71 Mo. *loc. cit.* 357; *State v. Shiflett,* 20 Mo. 415. But where, as in the case at bar, the section which defines the offense contains a proviso exempting a class therein referred to, from the operation of the statute, it is unnecessary to negative the proviso, but the exemption therein contained must be insisted on by way of defense, by the party accused. *State v. Cox,* 32 Mo. 566; *State v. Shiflett,* 20 Mo. 417, and authorities there cited. The judgment will be reversed and the cause remanded. The other judges concur.