The State v. Seal.

THE STATE OF MISSOURI, Respondent, v. ROBERT SEAL, Appellant.

St. Louis Court of Appeals, January 19, 1892.

1. **Criminal Law : EXHIBITION OF DEADLY WEAPONS : INFORMATION.** When a statute contains exceptions or provisos in distinct clauses or sections, it is not necessary to negative such exceptions or provisos in an information or indictment drawn under it. This rule is applied to the provisos of sections 3502 and 3503 of the Revised Statutes of 1889, which appertain to the carrying and exhibition of deadly weapons, the former defining the conditions of the offense, and the latter naming the officers exempted from the operation of the law.

2. ———— : ————. To constitute the exhibition of a deadly weapon in a rude, angry or threatening manner in the presence of one or more persons a criminal offense under said section 3502, it is not necessary that the exhibition should occur at any public place or assemblage ; the exhibition may occur on the defendant's own premises.

3.   ——— : ——— : TRESPASSERS : INSTRUCTIONS.   One instruction authorized a conviction under said section, if the defendant, without adequate provocation or excuse, wilfully exhibited a gun in a rude, angry or threatening manner to persons who were peaceably driving hogs over his unfenced woodland; another instruction was to the effect that, if these persons were trespassers or intruders on the defendant's land, then the defendant had the right to resort to such force or provide such means, not amounting to the infliction of great bodily harm, as were apparently and reasonably necessary under the circumstances to expel them from the premises.   *Held*, that these instructions were not erroneous.

4.   ——— : INSTRUCTIONS : COMMENTS ON EVIDENCE.   An instruction which singles out a particular fact or piece of evidence, and tells the jury that such fact is entitled to much or little weight in determining an issue in the case, amounts to a comment on the evidence, and is, therefore, erroneous.   But, where the effect of the evidence is a conclusion of law, it is the duty of the court to so instruct.

*Appeal from the Monroe Circuit Court.*—HON. THOS. H. BACON, Judge.

AFFIRMED.

*R. N. Bodine* and *R. B. Bristow*, for appellant.

*J. H. Whitecotton*, Prosecuting Attorney, for respondent.

BIGGS, J.—The defendant was tried and convicted under section 3502, Revised Statutes of 1889, for exhibiting a gun in a rude, angry and threatening manner in the presence of E. Bloodgood, Thomas Bloodgood, C. P. Kincaid and Eddy Kincaid. The section referred to reads: "If any person shall carry concealed upon or about his person any deadly or dangerous weapon, or shall go into any church or place where people have assembled for religious worship, or into any school room or place where people are assembled for educational, literary or social purposes, or to any election precinct on any election day, or into any court room during the sitting of court, or into any other public assemblage of persons met for any lawful purpose

other than for militia drill, or meetings called under the militia law of this state, having upon or about his person any kind of fire-arms, bowie-knife, dirk, dagger, slungshot or other deadly weapon, *or shall, in the presence of one or more persons, exhibit any such weapon in a rude, angry or threatening manner,* * * * he shall, upon coviction, be punished by a fine of not less than $50 nor more than $200," etc.

The next section ( 3503 ) provides that section 3502 "shall not apply to police officers, nor to any officer or person whose duty it is to execute process or warrants, or to suppress breaches of the peace," etc.    The defendant has appealed the case, and contends that the information is fatally defective, and that the court committed error in the instructions.

I.    It is a well-understood rule of criminal pleading that, when a statute contains exceptions or provisos in distinct clauses or sections, it is not necessary to negative such provisos or exceptions in an information or indictment drawn under it.    It only becomes necessary to do so when the exception or proviso is found in the enacting part of the law.    *State v. Shiflett*, 20 Mo. 415 ; *State v. Cox*, 32 Mo. 566; *State v. Batson*, 31 Mo. 343 ; *State v. O'Brien*, 74 Mo. 549.    Therefore, if the defendant came within any of the exceptions mentioned in section 3502, it was a matter of defense, and it was not necessary to negative such fact in the information.

Neither is there any merit in the objection that the information failed to state that the defendant exhibited the gun *in a public place, or in a public assemblage.* It is claimed that the information charged no offense against the law, because it omitted the above italicized words.    If we rightly understand the position of counsel, it is that that portion of the section which prohibits the rude and threatening exhibition of a deadly weapon must be read in connection with the preceding clauses, and that when this is done the inference will necessarily be that the legislature only intended to make it a

misdemeanor to exhibit a weapon in the manner stated, *in a public place, or in a public assemblage of persons.* Such a construction is inadmissible, and, if adopted, it would nullify the clause or, at least, render it unnecessary, because an offense under it would be covered by the preceding clause. The first clause condemns the carrying of concealed weapons, and it matters not where they are carried. By the second clause, all persons are prohibited from taking with them, to the places mentioned, fire-arms or other deadly or dangerous weapons, and it is immaterial whether the weapons are concealed or exposed, or whether they are exhibited in an angry or threatening manner or not. In the third clause, it is made a misdemeanor for any person to exhibit any such weapon in a rude, angry or threatening manner, provided the act is done in the presence of one or more persons. It must be admitted that, if the defendant's construction of the last clause is correct, then it was not necessary to enact it, because any person violating it must necessarily violate the preceding clause. This leads us to the conclusion that the defendant's construction is wrong. Each clause of the statute creates a distinct and separate offense, and the entire statute was enacted for personal security, and in the interest of the public peace. Hence we conclude that any person who violates the third clause, even though it be done on his own premises, is guilty of a violation of law, unless the act was done under sufficient provocation. This disposes of the objections to the information.

II. The first instruction on behalf of the state told the jury that, if the prosecuting witness and the other persons mentioned in the information were in a peaceable manner driving hogs over unfenced woodland belonging to the defendant, and that, while thus engaged, the latter met them, and, without adequate provocation or excuse, wilfully exhibited a gun in their presence in a rude, angry or threatening manner, then a verdict of guilty should be returned. The court

further instructed that, if the prosecuting witness and his companions were trespassers and intruders on the defendant's premises, then the defendant had the right to resort to such force or provide such means, as were apparently and reasonably necessary under the circumstances to expel them from the premises, provided the means or force adopted did not amount to the infliction of great bodily harm. We can see nothing wrong with the instructions, and we, therefore, approve them. But the defendant earnestly argues that the plaintiff's second instruction is objectionable, because it is a comment on the evidence. It was developed on the trial that the defendant and the prosecuting witness were not friendly. The evidence tended to show that prior to the difficulty, the prosecuting witness sent word to the defendant that, if he ever caught him (defendant) on his (the prosecuting witness) premises, he would kill him. Under this condition of the evidence the court gave on behalf of the state the instruction complained of. It reads: "If the jury find from the evidence that E. Bloodgood more than three months prior to the fifth day of February, 1890, sent word to the defendant Seal, that, if he, Seal, ever came on his place, that he, Bloodgood, would kill him (Seal), then the court instructs the jury that said threat would not justify or excuse said Seal in doing any of the acts alleged in the first count of the information, if from the evidence the jury should find that said Seal, without other provocation or excuse, did do any of the acts alleged in the first count of the information."

Our law will not allow the trial judge to comment on the evidence (R. S. 1879, secs. 1908, 1920), and it has been repeatedly held that an instruction which singles out a particular fact or piece of evidence, and tells the jury that such fact is entitled to much or little weight in determining the main issue in the case, amounts to a comment on the evidence. *Chouquette v. Barada,* 28 Mo. 491; *State v. Sivils,* 105

Mo. 530 ; *State v. Hundley*, 46 Mo. 414 ; *Fine v. Public Schools*, 39 Mo. 67 ; *Rose v. Speis*, 44 Mo. 20 ; *State v. Smith*, 53 Mo. 267 ; *State v. Harris*, 59 Mo. 556 ; *State v. Bell*, 70 Mo. 633. But we do not think this rule was violated in the case before us. If Seal relied solely on the threats of Bloodgood for his justification, or if the the evidence failed to disclose other facts tending to show an adequate provocation for Seal's conduct, then it is plain that proof of threats *only* would have no tendency to establish a defense. Where the effect of evidence is a conclusion of law, it is the duty of the courts to so instruct. *Chouquette v. Barada, supra.*

Other objections are urged against the instructions, but we deem it unnecessary to discuss them, as the result would be the same.

The judgment of the circuit court will be affirmed. All the judges concurring, it is so ordered.