## REPUBLIC OF HAWAII *v.* LEE YICK.

EXCEPTIONS FROM CIRCUIT COURT, FIRST CIRCUIT.

SUBMITTED OCTOBER 2, 1895.        DECIDED OCTOBER 28, 1895.

JUDD, C.J., BICKERTON AND FREAR, JJ.

On a charge of having opium in possession it is not incumbent upon the prosecution to prove facts showing that its possession by defendant was unlawful.

Acts 12 and 77 of the Provisional Government restricting the importation and sale of opium and preparations thereof are not unconstitutional.

OPINION OF THE COURT BY JUDD, C.J.

The defendant was convicted in the Circuit Court, First Circuit, at the last term thereof, of the offense of having

opium unlawfully in possession. The case comes to us on exceptions to the presiding Judge's refusal to charge as requested by defendant's attorney, and to the charge of the court as given.

The main question raised is whether the prosecution was bound to prove, on this charge, such facts as would show that the possession of the opium by defendant was unlawful. The trial Judge held that the prosecution was not required to prove a negative—*i. e.*, that the opium was not obtained from the Board of Health, etc., and that it was incumbent upon the defendant to show, if he could, that his possession of the opium was lawful.

So far as the public is concerned, opium is contraband. Its importation and sale are forbidden by law. Only the Board of Health can import it, and for medicinal purposes only. Physicians only can obtain it from the Board of Health, and can dispense it only medically. See Acts 12 and 77 of the Provisional Government.

In 1865 this court held, in *Rex v. Gillingham*, 2 Haw. 750, that where a person is charged with selling spirituous liquors without a license, the burden of proof was upon him to show that he had a license. This rule was based upon the proposition that where the subject matter of a negative averment lies peculiarly within the knowledge of the other party, the averment is taken as true unless disproved by that party. *Id.* and cases cited.

This principle has been followed in prosecutions for unlicensed sales of liquor, and the same principle applies to the importation, sale and possession of opium.

If the defendant in this case acquired possession of the opium from the Board of Health or through other lawful channels, it was a fact peculiarly within his knowledge, and he should have shown it. This principle does not violate the presumption of innocence until proved guilty. There are often facts in connection with the proof of the possession of opium that show that it was unlawful. We held in *Prov. Gov't v. Gertz*, 9 Haw. 293, that the unexplained presence of opium in defendant's other

goods was *prima facie* evidence of his intent to import the same. See also *Rex v. Ah Sing*, 5 Haw. 553. We find no error in the Judge's rulings and charge on this point.

The above is the only point enlarged upon in defendant's brief, but there is also an exception taken to the trial Judge's overruling the objection made that the law under which he was charged is unconstitutional. The constitutionality of an opium law similar in terms to the present was the subject of discussion in *Rex v. Yatsing*, 3 Haw. 672, and the statute was upheld, though attacked upon grounds similar to those preferred in this case. Upon the subject of the title to an Act of the Legislature, we refer to *In re Walker*, 9 Haw. 172-3.

We therefore overrule the exceptions.

*A. W. Carter, Deputy Attorney-General,* for prosecution.

*E. P. Dole,* for defendant.