# REPUBLIC OF HAWAII *v.* KANALO.

## APPEAL FROM DISTRICT COURT OF HONOLULU.

SUBMITTED MARCH 24, 1898.     DECIDED JUNE 9, 1898.

### JUDD, C.J., FREAR AND WHITING, JJ.

Defendant pleaded guilty in the District Court to the following charge: "District Court of Honolulu, Island of Oahu. Saturday, January 22, 1898. The Republic of Hawaii vs. Kanalo. Charged with violating Section 5, Act 21, Laws Provisional Government during one week prior to January 22, 1898, by conducting and maintaining a certain banking game, to wit, 'Russian War,' at which money or something of value is lost or won."

(1) Held, on appeal, that the statement of the venue in the margin of the charge was sufficient.

(2) Objections to the sufficiency of the charge should have been made before pleading.

### OPINION OF THE COURT BY JUDD, C.J.

The defendant was charged in the District Court of Honolulu as taken down by the clerk of said court, as follows:

The Republic of Hawaii v. Kanalo. District Court of Honolulu, Island of Oahu, Saturday January 22, 1898.

Charged with violating Section 15, Act 21, Laws Provisional Government during one week prior to January 22, 1898, by conducting and maintaining a certain banking game, to wit, "Russian War," at which money or something of value is lost or won.

He plead guilty and was duly sentenced. Thereafter he appealed to this Court on points of law as follows:

"The defendant in this case appeals from the judgment herein to the Supreme Court of the Republic of Hawaii, upon the following points of law, to wit:

"That the charge made and entered herein against defendant does not state facts sufficient to constitute a crime or any offense, or any violation of any statute or law of the Republic of Hawaii.

That said charge does not definitely state the time when the alleged violation of the statute mentioned in said charge occurred, as is required by law; no certain date or time being given. That said charge does not state the place where the alleged violation of said statute occurred, or any place, or that it occurred within the District of Honolulu or within the jurisdiction of the District Court of Honolulu. That said charge does not state facts sufficient to show that said Magistrate or said District Court had jurisdiction to render said judgment or any judgment whatever herein. That defendant's alleged plea of guilty herein was and is void and of no legal force or effect whatever. That said judgment was and is absolutely null and void. That defendant appeared herein before said Magistrate in said District Court upon said charge alone and without counsel or attorney."

Defendant's counsel relies upon the failure to state the venue, and contends that the plea of guilty only confesses such jurisdictional facts as are well pleaded.

The Deputy Attorney-General (E. P. Dole) referred us to Section 12 of the Act to Regulate Criminal Procedure, Comp. Laws, p. 341, which reads: "It shall not be necessary to state any venue in the body of any indictment, but the jurisdiction named in the margin thereof shall be taken to be the venue for all the facts stated in the body of such indictment; provided that in cases where local description is or hereafter shall be required, such local description shall be given in the body of such indictment."

The charge as sent up has the caption, "District Court of Honolulu, Island of Oahu," and this is in the upper "margin."

Moreover, defendant should have objected to the omission to state the venue by motion to quash or by asking for a more specific charge before pleading guilty. It could then have been amended or amplified. The Act of Criminal Procedure provides in Sec. 33 (Comp. L., p. 347) that every objection to any indictment for any defect apparent on the face thereof shall be taken by demurrer or motion to quash such indictment before the accused has pleaded and not afterwards," and the court may order an amendment. By analogy, this rule should be applied to criminal charges made in the district courts.

After the argument of this case, we requested counsel to present their views upon the question whether this case was one which could properly be raised upon an "appeal on points of law," and this we now consider.

Words stating the place where the offense was committed were left out of the charge as written in the minutes, but the defendant pleaded guilty and was duly sentenced. Within ten days thereafter counsel took an appeal from the judgment to the Supreme Court on points of law, the point relied upon being that there was no venue laid. Now what was appealed from? It was not the action of the court finding him guilty upon his confession, nor was it the imposition of the punishment as being erroneous or excessive. The statute allows appeals from the District Court to the Circuit Court where a trial *de novo* may be had. It also allows appeals solely on *points of law* to the Supreme Court. But these appeals are from the *decisions* of the District Court. The law as it now stands is in Act 54 of Laws of 1896, as follows: "And further provided, that any appeal solely upon points of law from a *decision* of a District Magistrate shall be so stated in the notice of appeal, and such appeals upon points of law may be made either to the Circuit Court of the same Circuit, or to the Supreme Court," &c. The point of law that the charge did not state the venue was not passed upon

by the Magistrate. He made no "decision" upon it. How then can there be an appeal taken upon the point?

The subject of this method of correcting errors of law made in the District Court by an appellate court, novel in this country, has been the subject of considerable discussion in this Court. In *Afong v. Kaale*, 7 Haw. 521, we said that the correct practice in taking such appeals was as follows: "The points of law, if they have been made by the party during the trial and are stated by the Police Justice in his minutes, need not be restated by the Justice on a separate paper. If they appear on the minutes, that is sufficient."

"If the points on which the appeal is based were not made during the trial and (or) were not noted on the minutes, they must be reduced to writing and be presented to the Police Justice within the ten days allowed for perfecting the appeal." In this way alleged errors of law made (1) during the trial as well as those made in the (2) decision, can be taken to the appellate court. But from nothing in this decision can it be inferred that a point of law not passed upon by the Magistrate can be taken to an appellate court by appeal. If any error, defect or omission in the so-called "record" of the District Court can be thus taken up why is it required by Rule 8 that the point be presented to the Magistrate for his certification? He says by the certificate that such and such a point was decided in his court. In the case before us we have no such certificate and none could be obtained, for this point was not passed upon in the lower court.

There may be other methods by which errors of the character complained of in this case can be taken up, but they cannot be by an appeal upon points of law. Where the appeal is not general but is restricted to points of law there must be some judicial action by the court from which to appeal. Inquiry into the practice in the District Courts will accentuate the justness of the conclusion we have arrived at. A person is brought before the court and charged orally with an offense. No statute requires the charge to be in writing. The Magistrate takes down

as much of the particulars of the charge as he deems sufficient. The charge thus written is not an indictment. The defendant is at liberty to ask that the charge be made more specific. When the Magistrate is satisfied that the defendant understands the charge he asks him to plead. The presumption is that the defendant understands the charge before pleading.

If the Magistrate was of opinion that the defendant understood the charge and took his plea of guilty thereon what sense is there in charging error existing on the so-called "record" of the case, when neither the defendant nor the prosecutor nor the court had any such omission in mind? This would dignify the "charge" in the District Court and clothe it with the formalities of an indictment in a court of record. If it was an indictment such a defect, as in this case, being apparent on its face, would have to be taken advantage of by demurrer or motion to quash before pleading and not after. Sec. 33, Crim. Procedure Act, Comp. Laws, p. 347. To hold that an appeal lies on a "point of law," where defendant did not make an objection to the charge before pleading, raising this point would not only require the charge to be as particular as an indictment, but a charge would be deprived of the advantage of the requirement (the statute not providing for it) that objection be made before pleading, so as to allow of amendment. It has been uniformly held, following *Rex v. Gillingham,* 2 Haw. 750, that proceedings in a Magistrate's court on appeal are to be regarded with less technical precision than an indictment. The present statute only requires that the Magistrate "preserved in written detail the minutes and proceedings of their trials, transactions and judgments with the substance of the testimony and the facts upon which their decisions rest." Sec. 13, Act 57, Laws of 1892.

The appeal is dismissed.

#### BY JUSTICES FREAR AND WHITING.

We concur in the foregoing conclusion upon the first two

grounds stated, but express no opinion as to the third ground, relating to the right of appeal.

*E. P. Dole, Deputy Attorney-General,* for the prosecution.
*J. T. De Bolt* for defendant.