# REPUBLIC OF HAWAII *v.* AH YEE.

### EXCEPTIONS FROM CIRCUIT COURT, FIFTH CIRCUIT.

SUBMITTED JUNE 19, 1899.     DECIDED NOVEMBER 4, 1899.

### FREAR AND WHITING, JJ.

Opium. Pleading. Penal Laws, Sec. 635. In a charge of "unlawfully having possession" of opium under Sec. 1635, P. L., it is not necessary to negative in the charge that it was not "received from the Board of Health, or a duly licensed physician or surgeon" as prescribed in Sec. 1634.

The exceptions in a statute need not be negatived in the charge of the offense, when they do not constitute a part of the description of the offense, but are matters of excuse for the accused, which must come by way of plea or evidence.

Exceptions not argued orally or in the brief need not be passed upon by the court; where defendant fails to point out error, the court seeks none.

### OPINION OF THE COURT BY WHITING, J.

In the circuit court, the defendant moved to quash the conviction and sentence of the district court, and also filed a demurrer to the charge of the offense. The motion was denied and the demurrer overruled. But the charge was amended in the circuit court by inserting the word "unlawfully," so that the charge against the defendant in the circuit court was "having opium or a preparation thereof *unlawfully* in his possession at Hanalei, District of Hanalei, Island of Kauai, Republic of Hawaii on the

24th day of February, 1899, against the statute in such case made and provided."

The amended charge was objected to by defendant as insufficient and not in compliance with the statute, and a motion to quash was denied. The defendant duly excepted. The ground of the demurrer was that "the charge against the defendant is insufficient in form and substance" in that "no offense either by statute or common law is charged against the above named defendant Ah Yee." Also that the exceptions in the statute must be specifically negatived in the charge of the offense.

The defendant claims that there is no offense within the meaning of the statute charged or proven; that the statute creates the offense and sets out what shall constitute it, and these facts must be alleged in the charge. That the statute makes the offense of "having opium in possession without a certificate of the Board of Health or a duly authorized physician," and defendant claims that these ought to be specifically negatived in the charge of the offense.

Statute relating to opium:

Penal L. Sec. 1633. "The importation of opium or any preparation thereof into the Hawaiian Islands, except as authorized by Section 1634, is hereby strictly prohibited; and whoever shall import, sell, give or furnish opium, or any preparation thereof, to any person in the Hawaiian Islands, except as provided in Section 1634, shall be liable to a penalty of," etc.

P. L. Sec. 1634. "The Board of Health may, from time to time, import such quantities of opium or preparations thereof as the said Board shall deem necessary for medical purposes in the Hawaiian Islands, and shall furnish it at cost price to any physician or surgeon having a diploma or certificate from some medical college or university, and who has a license to practice medicine in the Hawaiian Islands; also, to the person in charge of the medicines at the Leper Settlement at Molokai, to be used exclusively for medical purposes. And the said board may also furnish it to the captain or surgeon of any vessel bound to a foreign port for use on board of such vessel."

P. L. Sec. 1635. "Any person who shall have in his possession opium, or any preparation thereof, which he shall not have

received from the Board of Health, or from a duly licensed physician or surgeon, as prescribed in Section 1634, shall forfeit such opium or preparation thereof to the government, and the same shall be seized and delivered to the Board of Health, and such person shall be liable to a penalty of," etc.

The rule usually announced is that exceptions and provisos in the enacting clause of the statute must be negatived, and such as are not in the enacting clause need not be negatived, the latter being mere matters of defense. 10 Ency. Pl. & Pr. 495, n. 5.

But the more accurate rule is that only such exceptions and provisos need be negatived as are descriptive of the offense, without reference to the position of the exception or proviso. 10 Ency. Pl. & Pr. 497, n. 3. If the exception affords only matter of excuse or defense, it need not be negatived. *Id.* p. 498.

"Whenever an exception is contained in the section defining an offense, and constitutes a part of the description of the offense, the indictment must negative the exception, otherwise no offense is charged. (*State v. Meek,* 71 Mo. 357; *State v. Shifflet,* 20 Mo. 415). But where the section which defines the offense contains a proviso exempting a class referred to, from the operation of the statute, it is unnecessary to negative the proviso, but the exemption therein contained must be insisted on by way of defense by the party accused." *State v. O'Brien,* 74 Mo. 549; *State v. O'Gorman,* 64 Mo. 189, 10 Am. & Eng. Ency. 453.

In *Hewitt v. State,* 25 Tex. 722, the defendant was charged with having retailed spirituous liquors in quantities less than a quart contrary to the statute, etc. The statute provides that "if any person or firm shall sell or be in anywise concerned in selling spirituous liquors in quantities less than a quart without first having obtained a license therefor," etc. The court held that no offense was charged; that the words "without a license having been obtained" were a necessary part of the charge to constitute the offense." (The cases reported are numerous in support of this view).

In *Com. v. Jennings,* 121 Mass. 47, Gray, C. J.; "It is a general rule of pleading, that when an exception or proviso is embodied in the clause which defines the offense, or as it is commonly called, the enacting clause, it must be negatived in the indictment; but that if it is only found in a subsequent distinct clause of the same or another statute, it need not be negatived

(citing *Com. v. Maxwell*, 2 Pick. 139; *Com. v. Hart*, 11 Cush. 130; *Com. v. Sheffield*, 11 Cush. 178.") * * * * "The case appears to us to fall within what Mr. Justice Metcalf in the closing paragraph of the opinion in *Com. v. Hart*, called an elementary principle of pleading; it is not necessary to allege matter which would come more properly from the other side; that is, 'it is not necessary to anticipate the adverse party's answer and forestall his defense or reply. It is only when the matter is such, that the affirmation or denial of it is essential to the apparent for prima facie right of the party pleading, that it must be affirmed or denied by him in the first instance.' " *Com. v. Tuttle*, 12 Cush. 502.

"When an indictment is brought upon a statute which has general prohibitory words in it, it is sufficient to charge the offense generally in the words of the statute. And if a subsequent statute, or even a clause of exception in the same statute excuses persons under such and such circumstances, or gives license to persons so and so qualified, so as to excuse or except them out of the general prohibitory words, that must come by way of plea or evidence." *State v. Gurney*, 37 Me. 155.

In *Rep. Haw. v. Lee Yick*, 10 Haw. 135, the defendant was convicted of the offense of having opium unlawfully in possession. The court says, "The main question is whether the prosecution was bound to prove, on this charge, such facts as would show that the possession of the opium by defendant was unlawful. The trial judge held that the prosecution was not required to prove a negative, i. e., that the opium was not obtained from the Board of Health, etc., and that it was incumbent upon the defendant to show, if he could, that his possession of the opium was lawful." "So far as the public is concerned, the opium is contraband. Its importation and sale are forbidden by law. Only the Board of Health can import it, and for medicinal purposes only. Physicians only can obtain it from the Board of Health, and can dispense it only medically. * * * If the defendant in this case acquired possession of the opium from the Board of Health or through other lawful channels, it was a fact peculiarly within his own knowledge and he should have shown it."

We are of opinion that the charge made is sufficient and that the exceptions in the statute need not be negatived, as they do not constitute a part of the description of the offense, but that

they are matters which are of excuse for the accused and must come by way of plea or evidence from the defense.

The case was submitted on briefs. Other exceptions were taken but the only questions pointed out, argued and submitted have been decided as above. To be sure the counsel for defendant adds in his brief "the other exceptions are all apparent on the record and are relied on by the defendant," but as most of them are not specifically set out in the bill of exceptions but are scattered throughout the record and contained in various detached papers, we do not feel called upon to pass upon them separately as counsel fails to point out those actually relied upon, and as he fails to point out error, we seek for none.

Exceptions overruled.

*Deputy Attorney-General E. P. Dole* for the prosecution.

*G. A. Davis* for the defendant.