# TERRITORY *v.* T. W. FERGUSON.

## No. 1004.

### APPEAL FROM DISTRICT MAGISTRATE OF MAKAWAO.

ARGUED APRIL 16, 1917.　　　　　　　DECIDED APRIL 23, 1917.

### ROBERTSON, C.J., QUARLES AND COKE, JJ.

LARCENY—*unknown owner.*

> Section 3924 R. L. was intended to relate only to cases of larceny where the owner of the property is unknown and not to cases where the owner of the stolen property is known.

SAME—*ownership.*

> The ownership of property alleged to have been stolen is a material fact and must be proved as alleged.

CRIMINAL LAW—*necessary evidence.*

> Every material allegation in an indictment or information or charge against a defendant in a criminal case must be proven as alleged.

#### OPINION OF THE COURT BY QUARLES, J.

The defendant was tried in the district court of Makawao in the second judicial circuit upon the charge of stealing 246 pounds of pineapples alleged to be the property of the Maui Agricultural Company, a partnership, entered a plea of not guilty, and was convicted. From the judgment of conviction he has appealed to this court upon a point of law stated in the magistrate's certificate of appeal as follows: "That there is no evidence whatever to warrant a conviction of the defendant of the crime charged." The form and sufficiency of the statement of the point of law upon which the appeal is based is not questioned by the prosecution, but it is contended by the learned county attorney that the point of law stated should not be con-

sidered in this court for the reason that it was not presented to and passed upon by the district magistrate prior to sentence, and to sustain this contention we are cited to the case of *Republic of Hawaii* v. *Kanalo,* 11 Haw. 435. The decision in that case is not controlling here and not applicable for the reason that the points of law stated in the Kanalo case were to the form and sufficiency of the charge against the defendant, and the defendant made no objection whatever to the form or sufficiency of the charge against him in the district court; but the point here is that there is no evidence tending to warrant a conviction of the defendant, in other words, that the defendant was convicted without evidence contrary to law. The prosecution introduced four witnesses against the defendant, no one of whom testified that the pineapples alleged to have been stolen are the property of the Maui Agricultural Company, but one of them testified that he was an employee of the Grove Ranch and that the pineapples came from the Grove Ranch, and he thought so owing to their size as there were none of the same size in the neighborhood. The witness Smythe testified that he marked nine pineapples with finishing nails driving them into the pineapples near the core; that the pines were lying about one hundred feet away from the field of the Grove Ranch on the property of Mr. Krause; that he got two police officers to go with him and in their presence he marked the pineapples with the nails and left them there in a bag. As to how the pineapples came to the particular place where they were marked and left in the bag there is no evidence on behalf of the prosecution to show. One of the police officers present when the pineapples were marked, as well as the witness Smythe who marked the pineapples, testified that they were marked on or about January 19, stating that it was on Friday; that on Saturday the bag of pineapples was still at the same place, and that they remained there as late as

between six and seven o'clock on Monday evening follow-ing. Another witness testified, from hearsay evidence which was not objected to by the defendant, that the pineapples belonged to a Mr. Clark. The explanation of the defend-ant, who admitted taking the pineapples to the Maui can-nery and selling them with others, was that he got some of them from his own place, then in the possession of one Borges, some of them from Turner's place by permission, and some from Collin's place by permission; that he left a bag of pineapples in Mr. Krause's field where he went with his horse and wagon to cut grass; that he took the bag of pineapples out of his wagon and laid it there in the field (where the witness afterwards saw it); that he worked till late cutting grass and went off and forgot the bag of pine-apples; that he got it nearly a week afterwards and took the pineapples which he had left there in the bag with others, all making two crates, to the Maui pineapple can-nery; that he got none of the pineapples from the Maui Agricultural Company's field. At the trial the defendant, to show that other pineapples as large as the ones in ques-tion were grown in the neighborhood, presented some pine-apples which appear from the record to have been of about the same size as those alleged to have been stolen. It is contended on behalf of the defendant that the evidence does not prove a case of larceny in that there is no proof that the pineapples were the property of the Maui Agri-cultural Company as alleged in the charge against him. It is contended on behalf of the prosecution that it was not necessary to prove that the pineapples alleged to have been stolen were the property of the Maui Agricultural Com-pany as alleged in the charge, and to sustain this conten-tion section 3924 R. L. is cited, which is as follows:

"Sec. 3924. Owner unknown. It is not necessary, in re-spect to larceny, that it should appear whose property, other than the taker's, the thing is; it is enough that it appear

that it is not the taker's, and that it does not appear to be derelict; and in case of doubt whether a thing is derelict, the presumption is that it is not so."

This statute was intended to relate to cases where the owner of stolen property is unknown and does not apply to a case where the owner of the property is known. Every material allegation in an indictment or information or charge against a defendant in a criminal case must be proven as alleged (*Territory* v. *Lau Hoon, ante* p. 616). The ownership of property alleged to have been stolen is a material fact (25 Cyc. 88) and when alleged must be proved as alleged. "Ownership must be proved by sufficient evidence or the conviction cannot be supported. Where the owner is alleged in the indictment as unknown, there can be no conviction unless it is proved that the grand jury did not know his name and could not discover it by due diligence, as by showing that the cattle stolen were estrays. So evidence that a certain person lost cattle like those stolen will not justify a verdict for stealing cattle of a person unknown" (25 Cyc. 125).

The evidence here failing to show that the property alleged to have been stolen was the property of the Maui Agricultural Company, but there being some evidence to show that it belonged to other parties there was a variance between allegation and proof and no evidence to show that the defendant committed the offense stated in the charge against him.

The judgment of the district court is reversed, a new trial is granted to the defendant and the cause is remanded for further proceedings consistent with the views expressed herein.

*E. R. Bevins,* County Attorney of Maui, for the Territory.

*Eugene Murphy* for defendant.