THE STATE OF MISSOURI, Respondent, v. LUKE F.
QUINN, Appellant.

St. Louis Court of Appeals, May 3, 1892.

**Criminal Law**: UNLAWFUL SALE OF INTOXICATING LIQUOR BY DRUG-
GIST: INDICTMENT. An indictment charging an unlawful sale of
intoxicating liquor by a druggist or pharmacist, but which fails to
state the name of the person to whom the liquor was sold, is insuffi-
cient, and will not support a conviction.

*Appeal from the Butler Circuit Court.*—HON. JOHN G.
WEAR, Judge

REVERSED AND REMANDED (*with directions*).

*L. D. Grove*, for appellant.

*Robert F. Scott*, for respondent.

THOMPSON, J.—The defendant was indicted in the
circuit court of Butler county for selling intoxicating

liquor contrary to the statute governing the sale of such liquor by licensed druggists and pharmacists. The indictment did not set out the name of the person to whom the liquor was sold. The defendant filed a motion for a bill of particulars, in which the name of such person should be set out, together with the date of the alleged offense; but this was denied him, and he saved his exceptions. At the trial the state produced a witness who testified that, on a date named, he bought one-half pint of whiskey of the defendant. It was admitted that the defendant was a regular licensed druggist and pharmacist, and the collector of the county testified that he had issued a merchant's license to him. The jury returned a verdict of guilty; the defendant was sentenced to pay a fine of $100, and he prosecutes the present appeal to reverse this sentence.

Upon the foregoing facts it appears that the indictment was not a valid indictment, that it will not support a conviction, and that it is not cured by the statute of jeofails. *State v. Cassity, ante, p. 300; State v. Martin*, 44 Mo. App. 45; s. c., affirmed by the supreme court in a manuscript opinion not yet reported.

The judgment of the circuit court will be reversed, and the cause remanded, with directions to sustain the defendant's motion in arrest of judgment, after which, the prosecuting attorney can, if he desires, move to have the defendant held to bail to answer a new indictment for information under the provisions of section 4275, of the Revised Statutes. It is so ordered. All the judges concur.