STATE OF MISSOURI, Respondent, v. MOSES HELLSCHER, Appellant.

St. Louis Court of Appeals, June 28, 1910.

1. INDICTMENTS AND INFORMATIONS: Appellate Practice: Information or Indictment May be Attacked in Appellate Court for First Time. Even without a motion for a new trial or in arrest, advantage may be taken of serious and substantial defects in an indictment or information in the appellate court for the first time, or by the appellate court of its own motion.

2. ————: When Necessary to Negative Exceptions in Statute. If the ingredients constituting an offense denounced by statute are capable of exact definition, without reference to an exception or proviso, such reference may with safety be omitted from the indictment or information, since the matter contained in the exception or proviso in such case is not descriptive of the offense but only a matter of defense to be brought forward by the accused; and where the statute creates an offense not limited to a particular class of persons or conditions and not upon such actions only as are committed by particular persons or in a particular way, the excusatory defense is not required to be negatived by the written accusation.

3. STATUTES: Criminal Statutes: Construction. In considering a statute denouncing an offense, the evil designed to be met and the remedy sought must be kept in mind.

4. PHYSICIANS AND SURGEONS: Practicing Without License: Statute Construed: Indictments and Informations: Negativing Exceptions. Act March 12, 1901 (Laws 1901, p. 208), section 5, provides that any person, except physicians now registered,

practicing medicine in the state, and any person attempting to treat the sick without first obtaining a license from the state board, shall be deemed guilty of a misdemeanor. Act March 22, 1907 (Laws 1907 p. 358), amends said section 5, to provide that any person practicing medicine in this state, and any person attempting to treat the sick, and any person representing or advertising himself to be authorized to treat the sick, without a license from the state board, shall be deemed guilty of a misdemeanor: provided that physicians registered on or prior to March 12, 1901, shall be regarded as registered physicians for the purposes of the act. *Held,* that the proviso to the section as amended in effect constitutes an exception in the enacting clause of the statute, which it is necessary to negative in an indictment thereunder.

5. **CRIMES AND PUNISHMENTS:** Criminal Practice: Indictments and Informations: Negativing Exceptions: Proving Negative. When the subject-matter of a negative averment in an indictment or information lies peculiarly within the knowledge of the defendant, the averment is taken as true unless disproved by him.

6. **PHYSICIANS AND SURGEONS:** Practicing Without License: Statute Construed: Indictments and Informations: Negativing Exceptions. An indictment under section 5, Act March 12, 1901 (Laws 1901, p. 208), as amended by Act March 22, 1907 (Laws 1907, p. 358), making it an offense for one to treat the sick or do certain other acts unless he has a license from the state board, or was a registered physician March 12, 1901, need not negative section 9 as amended by Act March 21, 1903 (Laws 1903, p. 240) and Act April 4, 1907 (Laws 1907, p. 360), providing that the act is not intended to prohibit gratuitous treatment, this being a separate proviso not embodied in the enacting section.

7. ———: ———: Indictment and Information: Indefiniteness. It is bad and careless pleading to allege in an information that defendant practiced medicine, when he did not have a license from the board of health, without stating which board of health is referred to.

8. ———: ———: ———: Not Necessary to Allege Names of Patients. An indictment under section 5, Act March 12, 1901 (Laws 1901, p. 208), as amended by Act March 22, 1907 (Laws 1907, p. 358), for practicing and advertising as a physician, without being registered or having a license, need not give the names of the patients, nor describe the means of advertising.

Appeal from St. Louis Court of Criminal Correction. *Hon. Wilson A. Taylor,* Judge.

REVERSED.

*Wm. E. Fish* and *Joseph G. Williams* for appellant.

*Philips W. Moss,* Prosecuting Attorney, *Zachritz & Bass* for respondent.

REYNOLDS, P. J.—By an information duly lodged in the St. Louis Court of Criminal Correction by the assistant prosecuting attorney, it is charged against the defendant Moses Hellscher, that "on the first day of December, 1907, being not then and there a regularly licensed physician or surgeon and holding no license from the board of health, and not being a registered physician as required by law (he), did on the first day of December, 1907, by circular and by other means represent himself to be a duly authorized practicing physician and surgeon, and authorized by law to treat the sick and afflicted, contrary," etc., and against the peace and dignity of the state. Entering a plea of not guilty, defendant was tried before the court, found guilty and fined in the sum of $250.

It appears by the record that a motion for new trial was duly filed, which was overruled, and defendant perfected an appeal to this court. No bill of exceptions was filed, and the case is here on the record proper, the defendant challenging the sufficiency of the information. Even without a motion for new trial or in arrest, it has been held by our Supreme Court that advantage can be taken of serious and substantial defects in an indictment or information in the appellate court for the first time, or by the appellate court of its own motion. [State v. Burke, 151 Mo. 136, l. c. 140; 52

S. W. 226, and cases *passim.*] As appears by endorsement on the information, it attempts to charge the defendant with a violation of the provisions of the Act of March 22, 1907. This act (see Laws 1907, p. 358) is an amendment to section 5 of the Act of March 12, 1901 (Laws 1901, p. 207). Referring to the fifth section of the latter act, which section in point of fact and in law is the enacting section or part of the law defining the offense at which the law is aimed, and with which offense it is attempted to charge this defendant, it will be observed that it reads as follows:

"Sec. 5. Any person, except physicians now registered, practicing medicine or surgery in this state, and any person attempting to treat the sick or others afflicted with bodily or mental infirmities without first obtaining a license from the State Board of Health, as provided in this act, shall be deemed guilty of a misdemeanor and punished by a fine of not less than fifty dollars nor more than five hundred dollars, or by imprisonment in the county jail for a period of not less than thirty days nor more than one year, or by both such fine and imprisonment for each and every offense, and treating each patient shall be regarded as a separate offense."

Following this in the same section is a provision making it a felony of the grade of forgery in the second degree for a person to attempt to file as his own a license of another or a forged affidavit of identification, it being also provided that the fines levied as above shall be turned into the state treasury when collected. When in 1907, by the Act of March 22, 1907, this section was amended, the words "except physicians now registered," in the first line of the section, were stricken out and after other verbal amendments this was added, "and any person representing or advertising himself by any means or through any medium whatsoever, or in any manner whatsoever, so as to indicate that he is authorized to or does practice

medicine or surgery in this state, or that he is authorized to or does treat the sick or others afflicted with bodily or mental infirmities." It is on this clause that this present prosecution is founded. Other verbal amendments were made to section 5, and then these words were added: "provided, that physicians registered on or prior to March 12, 1901, shall be regarded for every purpose herein as licentiates and registered physicians under the provisions of this act." It will be noted that this latter clause is practically a substitute for the words "except physicians now registered," contained in section 5 of the Act of 1901.

In the early case, one always regarded as a leading case in this state, of State v. Shiflett, 20 Mo. 415, it is held that an indictment upon one section of a statute need not negative an exception contained in a subsequent section. But in so holding it is recognized by our Supreme Court as a canon of construction accepted in our state, that where the exception is in the enacting clause of the statute, it must be negatived in the indictment. This is quite fully discussed and very ably treated by Judge SHERWOOD in State v. Bockstruck, 136 Mo. 335, 38 S. W. 317. Discussing the statute forbidding the coloring of imitation butter (Act of April 22, 1895, pp. 26 *et seq.*), on the second clause of section 2, of which act the information there under consideration was founded, Judge SHERWOOD (l. c. 351) calls attention to the fact that the proviso for failure to plead which the information was attacked, precedes the part of the section on which the information is bottomed. He holds out from that fact, that the proviso is a distinct and independent clause, and that the rule is that "where an affirmative offense will appear without reference to the proviso or exception, there such proviso or exception need not be negatived in the indictment or information. In other words, if the ingredients constituting the offense are capable of exact definition without reference to the

exception or proviso, there such reference may with safety be omitted, since such matter contained in the exception, etc., is not descriptive of the offense, but only matter of defense to be brought forward by the accused." Following this, however, the learned judge further states that the rule of construction finds further expression to the effect that where the statute creates a general offense, that is, an offense not limited to a particular class of persons or conditions, and not upon only such actions are are committed by particular persons or in a particular way, the excusatory defense is not required to be negatived by the written accusation. Among other cases cited by the judge in his opinion is that of United States v. Cook, 17 Wall. (84 U. S.) 168, where Mr. Justice CLIFFORD (l. c. 173) state the rule to be that "where a statute defining an offense contains an exception, in the enacting clause of the statute, which is so incorporated with the language defining the offense that the ingredients of the offense cannot be accurately and clearly described if the exception is omitted, the rules of good pleading require that an indictment founded upon the statute must allege enough to show that the accused is not within the exception, but if the language of the section defining the offense is so entirely separable from the exception that the ingredients constituting the offense may be accurately and clearly defined without any reference to the exception, the pleader may safely omit any such reference, as the matter contained in the exception is matter of defense and must be shown by the accused." There is another rule of construction of statutes also to be observed in this case. That is, that in considering them or amendments to them, the evil designed to be met and the remedy sought, must be kept in mind. Applying these fundamental rules of construction to the legislation of our state on this subject of regulating the practice of medicine and surgery, it is to be borne in mind that when the Act of March 12, 1901, was en-

acted, it was within the knowledge of the members of the General Assembly that there were many capable and experienced physicians and surgeons practicing in the state who had been pursuing their profession long before the creation of a State Board of Health and long before a license from the State Board of Health was required, but who had registered as physicians under various laws or even under municipal ordinances, and who were authorized to practice medicine or surgery without having previously undergone an examination as to their qualifications before the state board. They were registered physicians or surgeons, but they had not been registered with or licensed by the State Board of Health. Therefore, the very first section of the Act of March 12, 1901, did not attempt to invalidate or annul their registration or license, from whatever body granted, or before whatever body made, but by express terms in the enacting clause of the law, it applied the law itself only to such a person as is "not now a registered physician within the meaning of the law (authorized) to practice medicine or surgery in any of its departments." In section 5 it carried out this same idea by imposing the penalties of the law only on such a person thereafter practicing medicine or surgery in the state who should thereafter fail to first obtain a license, thereby distinctly excluding from it physicians then registered. In short, the 'Act of 1901, in so many words, was limited to those who should thereafter practice who had not theretofore registered. Those who had theretofore been duly registered were excluded from the law. Paraphrasing the language of Judge SHERWOOD, in the Bockstruck case, this statute as originally enacted in 1901, did not create a general offense on the part of all who should thereafter practice, but created an offense limited to a particular class of persons, that is, those who had not been theretofore registered, who should thereafter practice without first registering with the State Board of Health. The law related to acts

committed by those particular persons only, to those thereafter practicing medicine or surgery who had not theretofore been licensed as provided by law. We do not think that the fact that the amendment made by the Act of 1907, which he have before quoted, in any manner changed this phase of the law, nor made it any the less part of the enacting clause, notwithstanding the fact that what was before in the body of the enacting section or clause, now appears as attached to that clause by way of a proviso. Changing the position of the words, did not change the law. Looking at what the General Assembly was attempting to do and considering the matter and phraseology of the amendment of 1907, it is obvious that this arrangement was more for the purpose of avoiding awkwardness of expression than with any intent of change in the object of the law itself and the mere fact that what had before been in another place in the enacting section is transposed and appears under the designation of a proviso, in our judgment, has not had the effect of eliminating the proviso from the enacting clause itself. It is still the intention of our act regulating the practice of medicine and surgery that its operation shall apply only to those who had not been licensed or registered as physicians or surgeons prior to March 12, 1901. Obviously the Legislature, by the amendment of 1907, did not intend to invalidate the registration and licenses of physicians and surgeons who had been regularly licensed and registered under laws prior to March 12, 1901, which it is to be observed, is the date of approval of the Act of 1901 any more than it had by the Act of March 12, 1901, made its provisions applicable to those who had registered as physicians or surgeons prior to that date. Another reason for the insertion of this limitation at the end of the section, instead of leaving the exception as in the original section, may have been that as new prohibitions were inserted by the amendment, the lawmakers did not intend to leave any doubt that these new

requirements were not to be made of the old physicians. It follows therefore that we hold this information fatally defective in failing to charge that the accused was a physician or surgeon "not registered as such on or prior to March 12, 1901."

If it be said that such an averment appearing in the information throws upon the state the onus of proving a negative, the answer is afforded by the decision of our Supreme Court in State v. Meek, 70 Mo. 355, where Judge HOUGH (l. c. 357 and following) says, that it may frequently happen that the burthen of proof as to one or more of the exceptions contained in the statute defining an offense, may, from the nature of the exceptions, be cast upon the defendant. But, says Judge HOUGH, quoting from State v. Lipscomb, 52 Mo. 32, "When the subject-matter of the negative averment lies peculiarly within the knowledge of the other party, the averment is taken as true, unless disproved by that party."

Counsel for the appellant claim that the indictment is also insufficient in that it does not negative the fact that the services charged to have been performed were not gratuitous, relying on section 9 of the Act of March 21, 1903 (Session Acts, 1903, p. 240 and 241) as amended by Act of April 4, 1907 (Session Acts, 1907, p. 360) by which section it is enacted, referring to the act regulating the practice of medicine and surgery, that "it is not intended by this act to prohibit gratuitous service to and treatment of the afflicted, and this act shall not apply to commissioned surgeons of the United States army, navy, public health and marine hospital service." We think that this is a separate proviso not embodied in the enacting section, and on the authorities before referred to, was a defense which the accused was at liberty to make, and was an exception which the pleader was not required to cover or negative by averment in the information.

The further point is made that the indictment is

defective in merely averring that the defendant was not a licensed physician and surgeon and was a person not holding a license "from the board of health," it being claimed that the information is fatally defective in not stating what board of health is here referred to. If this was the only defect in the information, we might hesitate to hold it a fatal defect and reverse on that ground alone. We do say that it is bad and careless pleading and one not to be encouraged. Other points are made by counsel for defendant, as for instance that the names of the patients, a description of the circulars or means of advertising, etc., should be stated. We do not think so. We are reversing this case on the distinct ground first above stated, namely, that the information fails to charge that this defendant was within the class of persons to whom the Act of 1907 pertained. The finding of the trial court is accordingly set aside, its judgment reversed and the defendant will be discharged. All concur.