STATE OF MISSOURI, Respondent, v. CHARLES BRAND, Appellant.

St. Louis Court of Appeals, November 10, 1910.

PHYSICIANS AND SURGEONS: Practicing Without License: Crimes and Punishments: Information: Failure to Negative Exception in Statute. An information, under section 8315, Revised Statutes 1909, charging defendant with representing himself to be a duly authorized practicing physician and surgeon when he had no license from the state board of health and was not a registered physician, which fails to negative the proviso in said section, to the effect that physicians, who were registered on or prior to March 12, 1901, shall be regarded as licentiates and registered physicians, is insufficient; the proviso being part and parcel of the enacting clause of the statute, and it being necessary, therefore, to negative it in the information.

Appeal from St. Louis Court of Criminal Correction.—
Hon. Wilson A. Taylor, Judge.

REVERSED.

William E. Fish for appellant.

Philips W. Moss for respondent.

NORTONI, J.—Defendant was convicted on the charge of having represented himself as a duly authorized practicing physician and surgeon, and prosecutes an appeal from the judgment.

The information on which the conviction was had, after formal parts, recites that the prosecuting attorney within and for the city of St. Louis, on behalf of the State of Missouri, informs the court, etc. Then follows the precise charge laid against defendant, towit:

"That Charles Brand, in the city of St. Louis, on the 12th day of March, 1908, being not then and there a regularly licensed physician or surgeon and holding no license from the State Board of Health, and not being a registered physician, as required by law, did on the 12th day of March, 1908, by signs and circulars and by other means, represent himself to be a duly authorized practicing physician and surgeon, and authorized by law to treat the sick and afflicted, contrary to the form of the statute in such case made and provided, and against the peace and dignity of the state."

The prosecution proceeds under section 8315, Revised Statutes 1909, the same being the Act of 1901, Laws 1901, page 207, as amended in 1907, see Laws 1907, page 358. It will be observed by a careful reading of section 8315, above referred to, that it concludes with a proviso to the effect that physicians who were registered on or prior to March 12, 1901, shall be regarded for all purposes of the act as licentiates and registered physicians under its provisions. The identical question present for decision in this case was before the court only a few months ago in the case of State v. Hellscher, 150 Mo. App. 230, 129 S. W. 1035. In the case mentioned, the court gave judgment to the effect that the proviso above referred to exempted physicians who were registered prior to March 12, 1901 from the operation of the penal provisions contained in the act, which is now section 8315. It was ruled, too, that this exemption from the operation of the act was part and parcel of the enacting clause of the statute and therefore should be negatived in the information. The information in the case mentioned was declared insufficient for the reason that it failed to allege defendant was not registered as a physician or surgeon on or prior to March 12, 1901. The information now before us is in all respects substantially the same as that in judgment before. In respect of the matter for which the information in State v. Hellscher was declared insuffi-

cient, the present information is identical. Under the rule of the case mentioned, the court should declare the present information fatally defective for its failure to allege that defendant was not a registered physician on or prior to March 12, 1901. The judgment should be reversed and defendant discharged. It is so ordered. *Reynolds, P. J.,* and *Caulfield, J.,* concur.