## THE STATE v. ROBERT GROCE, Appellant.

Division Two, November 29, 1910.

1. **INFORMATION: Two Counts: Convicted Under One Only.** Where there are two counts in the information, and defendant was convicted under the second only, he is held to have been acquitted under the first, and therefore on his appeal the sufficiency of the first count is not for review.

2. **REMARKS OF COUNSEL: No Exception.** If the bill of exceptions does not show that objections were made and exceptions saved to the remarks of counsel for the State at the time they were made, an assignment that they were improper and prejudicial cannot be considered on appeal, although made a ground in the motion for a new trial.

3. **JUROR: Qualification Determined by Trial Court.** Where a juror qualified on his *voir dire* without objection, and the trial court heard the evidence pro and con on the question of his disqualification, and overruled the motion for a new trial, the Supreme Court will not on appeal disturb the trial court's finding on a question of fact depending largely, if not entirely, upon the credibility of witnesses.

Appeal from Howell Circuit Court.—*Hon. W. N. Evans*, Judge.

AFFIRMED.

*Elliott W. Major*, Attorney-General, and *John M. Dawson*, Assistant Attorney-General, for the State.

(1) The information is valid and sufficient. The first count was drawn under sec. 1847, R. S. 1899, and the second count under sec. 1848, R. S. 1899. The jury found the appellant guilty under the second count; therefore the first count is not before the court for consideration or review. State v. Hendrickson, 165 Mo. 265; State v. Bond, 191 Mo. 568; State v. Havens, 95 Mo. 167; State v. Munson, 76 Mo. 109. (2) The appellant objected and saved his exceptions to the

evidence of the deputy sheriff, that he arrested the appellant in Brookfield, Missouri, and that appellant was living under the assumed name of Robert Lee at the time. This was competent evidence. State v. Mayfoo, 110 Mo. 114; 22 Am. and Eng. Ency. Law,˙pp. 1264, 1265; State v. Knowles, 185 Mo. 175. Furthermore, the record shows that it was admitted that appellant fled and was located at Brookfield, Missouri. (3) Ollie Turner was introduced as a witness on the part of the appellant, and after having testified that she knew and corresponded with appellant while he was in West Plains and Brookfield, she was asked if she received a letter from him in regard to his intention to return to West Plains. (4) Appellant did not object or save any exceptions to any statements made by counsel in his argument as shown by the bill of exceptions. The bill of exceptions does not show that any objections or exceptions were made at the time. Therefore, the argument of counsel for the State in this case cannot be reviewed or considered by this court. State v. Mc-Mullen, 170 Mo. 632; State v. Sublet, 191 Mo. 174. It further appears in the bill of exceptions that the trial court reprimanded and rebuked the attorneys for the State for making improper remarks before the jury in their argument. (5) The appellant, in his motion for new trial, alleges that one of the jurors, Mr. Wood, was biased and prejudiced against the appellant. Before he was summoned as a talesman upon the jury, he was sitting in the court room talking to one Walter Strode, saying to him, "Any man that would jump his bond wouldn't have his confidence;" he should suffer, or something like that. No bias, ill-will, hate, prejudice, opinion, formed or expressed by the juror Wood, is shown to exist. No objection was made to the juror upon his *voir dire,* and no error was committed by the trial court in refusing to set aside the verdict upon this ground. State v. Myers, 198 Mo. 247; State v. Bobbitt, 215 Mo. l. c. 44. Further, the evidence pro-

duced upon the motion for new trial conclusively shows that the juror Wood was a qualified juror, and had no opinion as to appellant's guilt or innocence, and was neither biased nor prejudiced against him.

GANTT, P. J.—This prosecution originated in Howell county, by the filing of an information in the circuit court, by the prosecuting attorney, in two counts. The first count charged an assault with intent to murder, under section 1847, Revised Statutes 1899, and the second count an offense under section 1848, Revised Statutes 1899. The defendant was convicted under the second count and appeals.

The information charged that the defendant, on the 23d day of August, 1909, at the county of Howell, did then and there willfully and feloniously make an assault upon one Harvey Redburn and then and there did feloniously strike him, the said Redburn, with a whip handle loaded with some hard substance in the end thereof, a deadly and dangerous weapon, whereby said Redburn was maimed, wounded and ill-treated and received great bodily harm, likely to produce death.

The testimony established that the prosecuting witness, Redburn, and one Rhodes were partners in a restaurant, on August 23, 1909, in West Plains, Howell county. It appears that some two or three evenings before the 23d of August, the defendant brought a chicken to this restaurant to have it cooked, saying that he had stolen it from a woman named Hayden. The proprietors of the restaurant refused to have it cooked and the defendant turned the chicken loose in the yard in the rear of the restaurant. The defendant returned to the restaurant that evening, and said to Redburn, "You stole that chicken," and Redburn denied it, whereupon defendant cursed Redburn and called him a liar. A wordy altercation ensued. Redburn being behind the counter and defendant in front

opposite Redburn, defendant struck Redburn with the loaded butt end of a whip and felled him to the floor, and attempted to follow up the assault; when he was prevented by Redburn's father and partner. Redburn had on his hat at the time and the blow broke a hole in it. The hat with the hole in it was introduced in evidence. Redburn was rendered unconscious for a time by the blow on the head.

Dr. Shuttee dressed the wound. He testified the wound was a scalp wound an inch or inch and a half long, cut through the scalp, and was caused by some blunt instrument. A whip handle like the one shown him would cause such a wound. He did not regard it as serious when he examined it.

The evidence further tended to prove that prior to going to the restaurant the night of the difficulty, defendant was talking to one Farr, and, as he left him, said, "I will just go and raise a little hell."

After the assault, defendant left Howell county and went to Brookfield, Linn county, in the northern portion of the State and passed under the assumed name of Robert See, and was bearing the name when arrested in Brookfield.

He testified that he had been in the penitentiary once. Defendant in his own behalf testified he struck Redburn because the latter was attempting to get a billiard cue and because there was a revolver near where Redburn was and he struck him to prevent his getting the billiard cue or revolver.

The cause was submitted to the jury on instructions to which no objections were made at the time and of which no complaint is made in the motion for new trial.

I. In the absence of any brief for the defendant, we have been compelled to resort to the motions for new trial and in arrest to ascertain what errors de-

230 Sup—45

fendant claimed were committed against him. The second count of the information was sufficient. The defendant having been acquitted on the first, it is not for review. The arraignment and verdict are in due and regular form.

II. The objections to the evidence were without merit. The rulings were in accord with the law governing the relevancy, and admission and rejection of testimony. No good purpose can be subserved by reproducing each item of the evidence admitted and rejected, for the reason that the ruling of the court was obviously correct.

III. The remarks of counsel for the state were made a ground for new trial, but the bill of exceptions does not show that any objections were made at the time or any exceptions saved, and therefore they can not be considered on this appeal. [State v. McMullin, 170 Mo. 632; State v. Sublett, 191 Mo. 174.]

IV. The juror Wood qualified on his *voir dire* and no objection was made to him and on the hearing of the motion for new trial the circuit court heard the evidence pro and con as to his alleged disqualification and we see no reason for disturbing its finding on a question of fact depending largely, if not entirely, upon the credibility of the witnesses.

There are some other questions mooted 'in the motion for new trial which we have examined and considered, but they do not substantially affect the judgment.

The judgment is affirmed. *Burgess* and *Kennish, JJ.,* concur.