THE STATE v. JOSEPH PHILLIPS, Appellant.

Division Two, March 7, 1911.

1. TESTIMONY: Rebuttal: Carrying Pistol. Where the testimony of defendant, charged with assaulting Reed, with intent to kill him, was merely to the effect that he had caused his revolver to be repaired by a gunsmith, since which time he had kept it in his store, testimony offered by the State in rebuttal to the effect that about two weeks before the shooting defendant had had an altercation with one Tall and had drawn a revolver on him, is not rebuttal and is incompetent.

2. ————: ————: ————: To Prove Lawlessness. Nor was such testimony competent to prove defendant was not a law-abiding citizen. Specific acts of lawlessness or moral turpitude are not competent for that purpose. That can be proved only as his general reputation.

3. ————: Character Witnesses: Specific Acts of Lawlessness. Where the State has already introduced court records showing that defendant, in the assault case, had been five times convicted of selling liquor without a license, it is not reversible error to ask his character witnesses, on cross-examination, if they had ever heard of defendant running a dive and selling whiskey without a license, since the examination only referred to matters which had already been brought before the jury by competent evidence.

4. INSTRUCTION: Evidence of Other Offenses. Evidence tending to show that defendant was a man of bad character and

had been convicted of selling intoxicating liquor without a license, can only be considered by the jury in determining the weight to be given to his testimony, and constitutes no evidence whatever of his guilt of the crime for which he is on trial.

5. ———: ———: **Improper Argument.** Remarks by the State's counsel to the effect that his former convictions of other violations of the law proved him guilty of the crime for which he is being tried, are improper. Likewise, statements by the prosecuting attorney that he was on the ground and had investigated the matter, and knew the defendant was guilty, were improper.

6. ———: ———: ———: **No Exception.** But unless improper remarks of attorneys are objected to at the time they are made, and exceptions saved to the ruling of the court thereon, they will be disregarded on appeal.

Appeal from Clark Circuit Court—*Hon. Charles D. Stewart,* Judge.

REVERSED AND REMANDED.

*J. A. Whiteside,* for appellant.

(1) The evidence of Marvin Tall was incompetent and should have been excluded. (2) The cross-examination of Brickey, Frank Riney, and Dick Riney was improper, prejudicial and is reversible error. State v. Rose, 178 Mo. 25; State v. Wigger, 196 Mo. 90; State v. Prendible, 165 Mo. 239. This cross-examination would have been reversible error if the objections to the questions had been sustained. State v. Prendible, 165 Mo. 239; State v. Rose, 178 Mo. 25. (3) These witnesses were not asked as to appellant's reputation for being a law-abiding citizen, for the reason that appellant wished to avoid having these records of conviction paraded before the jury by cross-examination; if they had been asked that question it might have been proper to ask the witnesses if they had not heard of appellant's being convicted in these

cases. (4) The remarks of the prosecuting attorney and his associate counsel in their argument of the case, to which exceptions were saved, constitute reversible error. State v. Furgeson, 152 Mo. 92; State v. Wigger, 196 Mo. 90.

*Elliott W. Major,* Attorney-General, and *Chas. G. Revelle,* Assistant Attorney-General, for the State.

(1) The objection was not made until the answer was given, and is therefore unavailing. This evidence was competent for the purpose of contradicting and impeaching appellant's testimony, since he had said that during the two months prior to the date he used the pistol on Reed, he had not had the pistol in his hands, or in any manner handled same. The evidence objected to was simply to the effect that on an occasion two weeks prior to this difficulty, appellant had had the pistol upon his person and exhibited it. The other objections relate to one subject and can be treated together. The witnesses, then under cross-examination by the State, had testified to appellant's good reputation for peaceableness, honesty and integrity and after stating that they had never heard his reputation questioned, the State was permitted to ask if they had ever heard of him selling liquor illegally. This line of cross-examination was legitimate and proper. State v. Thornhill, 174 Mo. 370; State v. McLaughlin, 149 Mo. 19. For argument's sake, it could be safely conceded that the testimony objected to was not competent, yet the point would avail appellant nothing. The record discloses that upon appellant's motion all such testimony was stricken from the record, and the jury orally instructed that it must not be considered by them. This destroyed the effect its admission might have had and cured any alleged error in that respect. State v. Soper, 207 Mo. 502. Even had not this been done, appellant could not complain that the admission

of such evidence was erroneous or prejudicial, since the State had theretofore offered in evidence and the same had been admitted without objection on appellant's part, record evidence showing five or six convictions of appellant upon the charge of selling liquor illegally. Hamilton v. Crowe, 175 Mo. 634; State v. Gatlin, 170 Mo. 370. ` By instructions ten and eleven, given at appellant's instance, the court properly limited the purpose and effect of testimony showing appellant's former convictions and bad reputation by declaring that such testimony was not evidence of his guilt in this case, and could be considered only for the purpose of effecting his credibility as a witness. State v. Brooks, 202 Mo. 106; State v. Kennedy, 207 Mo. 528. (2) Exceptions were noted to four remarks of State's counsel during the argument upon the alleged ground that they were improper. The first, third and fourth remarks relate to appellant's former convictions on the charge of illegally selling liquor, which facts were in evidence. Not only by written instructions, but again when objections were made to the remarks, the court told the jury that such facts could be considered by it only for the purpose of affecting appellant's credibility as a witness, and not as evidence of his guilt in the case then being tried. Whatever wrong, if any, the statements would, under other conditions, be calculated to do, it was effectively cured by this action of the court. State v. Evans, 124 Mo. 397; State v. Kaiser, 130 Mo. 436; State v. Barrington, 198 Mo. 92. We could adopt the view most liberal to appellant, and concede, for the moment, that in making the statements referred to, counsel slightly transgressed the rule, and yet, in view of the evidence which so unerringly points to appellant's guilt, the court would not be warranted in holding such statements sufficient to warrant a reversal of the judgment. State v. Sublett, 191 Mo. 174; State v. Emery, 79 Mo. 463; State v. Allen, 174 Mo. 698; State v. Hyland, 144

Mo. 313; State v. Summer, 143 Mo. 234; State v. Run-
shon, 133 Mo. 59. The second remark of the prosecu-
ting attorney to which objections were made, amounted
to nothing more than an expression of his opinion as to
appellant's guilt. State v. Stark, 72 Mo. 39. And
further telling the jury what every man is presumed
to know and believe, viz., that, as an official, he had
investigated the case before prosecuting same. State
v. Erb, 74 Mo. 199.


BROWN, J.—The defendant was convicted in the
circuit court of Clark county, for assaulting, with in-
tent to kill, one Harvey Reed; and from a judgment
fixing his punishment at two years in the penitentiary,
brings the case here by appeal.

On the part of the State, the evidence tends to
prove that on the 26th of March, 1909, the defendant
was running a drug store in the village of Winchester
in Clark county, and on that day, one Harvey Reed, who
resides near that village, went into defendant's drug
store to use his telephone, but failed to reach the par-
ties with whom he sought to communicate. He spent
the day at other business houses in Winchester, during
which time he obtained and drank some whiskey.
About six o'clock in the afternoon of that day, Reed
returned to defendant's drug store, and when he at-
tempted to enter same, defendant shot at him with a
revolver, which shot, however, did not take effect.
After cursing Reed and warning him to stay out, de-
fendant shut the door. Thereupn Reed went to the
street and procured a large rock which he hurled
through a glass door of the store at defendant. Defend-
ant then shot at Reed again, wounding him in the face.
Reed then threw two other rocks at defendant and
was again shot in the face. From the wounds inflicted
by defendant, Reed was confined to a hospital
about five weeks. Reed testified that he was on friendly
terms with defendant and was starting into his store

to again use his telephone when the first shot was fired.

Defendant testified that there had been an unfriendly feeling between Reed and himself, and that Reed came to the store in a drunken condition and tried to cut him with a knife; that he did not shoot at Reed until the latter threw the first rock, and then he shot at him four times. Part of the evidence for both State and defendant is somewhat improbable, but we will not invade the province of the jury by undertaking to weigh its probative force. After defendant testified, the State introduced evidence proving that he had been convicted several times for selling intoxicating liquors without a license, and also tending to prove that he was dishonest and not a law-abiding citizen. Defendant's evidence tended to prove a good reputation.

As errors on the part of the trial court, defendant assigns the admission of improper evidence on the part of the State, improper cross-examination of defendant's character witnesses, and improper argument by the prosecuting attorney and his assistants.

The first assignment of error is that after defendant had testified, the State was permitted under the guise of rebuttal to prove by witness Marvin Tall that about two weeks before shooting Reed, defendant had an altercation with and drew a revolver on witness Tall. Defendant objected to this evidence on the ground that it was not rebuttal, tended to prove no issue in the case; and moved that it be stricken out. This motion was overruled and the evidence admitted on the ground that it tended to rebut a statement made by defendant to the effect that he had not had a revolver in his hand, or had not had a revolver, for some months before he shot witness Reed.

The evidence of witness Tall was improperly admitted, because defendant did not testify that he had not had a revolver in his hand for some months.

His evidence was merely to the effect that he had caused his revolver to be repaired by a gunsmith, since which time he had kept it at his store, but made no statement indicating how long he had kept it in there, or whether or not he had it in his hand during the months immediately preceding the shooting of Reed. Neither was this evidence competent to prove that defendant was not a law-abiding citizen, as that could only be proven by witnesses who knew his general reputation in the neighborhood in which he resided. Specific acts of lawlessness or moral turpitude are not admissible for that purpose. [State v. Beaty, 25 Mo. App. 214; State v. Gesell, 124 Mo. 531; State v. Vandiver, 149 Mo. 502.] The evidence of witness Tall was not admissible for any purpose, and its introduction constituted an attempt to convict the defendant of assault upon the witness Reed by proof of a separate assault or crime for which he was not then on trial; and we find that the court committed error in letting it go to the jury. [State v. Spray, 174 Mo. 569, l. c. 586.]

Defendant also complains that the State was permitted over his objection to ask his character witnesses Ed Brickey, Frank Riney and Dick Riney whether or not they had ever heard of defendant running a "dive" and selling whiskey without a license, and if they had ever heard of him having difficulties with Shuman and others. This cross-examination was proper, because it only referred to matters which had already been brought before the jury by competent evidence. The State had introduced the court records showing that defendant had been convicted five times for selling intoxicating liquors without a license; which justified the prosecuting attorney in referring to his place of business as a "dive." [State v. Thornhill, 174 Mo. 364.] The extent to which cross-examination of this character may be carried is largely discretion-

233 Sup.—20

ary with the trial court. [State v. Harris, 209 Mo. l. c. 443.]

The court properly instructed the jury that the evidence which had been introduced tending to show that defendant was a man of bad character and that he had been convicted of selling intoxicating liquors without a license could only be considered in determining the weight to be given to his testimony, and constituted no evidence whatever of his guilt of the crime for which he was then on trial. [State v. Weeden, 133 Mo. 71, l. c. 84.]

In the face of these instructions, the prosecuting attorney and his assistants in their arguments to the jury, repeatedly referred to defendant's bad reputation as evidence that he feloniously assaulted witness Reed. The assistant prosecuting attorney said: "A man who would sell whiskey like this man has in violation of law, would commit any crime, and the man who bears the reputation that this defendant bears is not too good to do anything." The prosecuting attorney said: "I don't think that you are going to turn a man like this loose; a man that has been convicted time and time again for a direct violation of the law, a man that has plead guilty time after time for violation of the law. . . . I will say to you if I thought Joe Phillips was an innocent man I would not be here prosecuting him and the case would never have gone as far as it has. I have investigated this case from start to finish. I have been on the ground myself. I have investigated it myself."

All the foregoing remarks were improper attempts to induce the jury to disregard the law as declared by the court; and the last statement of the prosecuting attorney was also an improper attempt to pursuade the jury to convict defendant because he (the prosecuting attorney) had personally investigated the facts and knew the defendant to be guilty, some of which

facts perhaps were not in evidence. [State v. Wigger, 196 Mo. 90.]

However, as defendant has not brought these improper arguments of State's counsel here in a proper manner, we would not reverse the judgment on that ground alone. The record does not show that defendant at any time excepted to the failure of the court to rebuke the attorneys for their improper remarks. To preserve errors of this kind for review by this court, defendant should object to the improper remarks of State's counsel at the time they are made, calling the court's attention to the specific grounds upon which such objection is based; and then if the court fails to correct or rebuke the transgressing counsel in such manner as the facts of the case demand, exception should be saved to the court's failure to administer a more pointed reprimand. When this course is not pursued, we will be inclined to disregard the assignment. [State v. McMullin, 170 Mo. 608, l. c. 632; 12 Cyc. 585.]

For the error of the trial court in admitting the evidence of witness Marvin Tall concerning a crime in no way connected with the case on trial and for which defendant had not been convicted, we reverse the judgment and remand the cause for new trial in accordance with the law as herein announced. *Kennish, P. J.,* and *Ferriss, J.,* concur.