STATE OF MISSOURI, Respondent, v. MOSES HELLSCHER, Appellant.

St. Louis Court of Appeals.   Submitted on Briefs March 10, 1911.
Opinion Filed March 21, 1911.

1. PHYSICIANS AND SURGEONS: Practicing without License: Indictments and Informations: Negativing Exception.   In a prosecution under section 8315, Revised Statutes 1909, for practicing medicine without a license from the state board of health, an information which fails to negative the exception con-tained in said section providing that physicians registered on or before March 12, 1901 shall be regarded as registered physicians for the purposes of the act, is fatally defective.

2. **CRIME AND PUNISHMENTS:** Appellate Practice: Defective Information: Disposition of Case.   Where, in a criminal prosecution, the information is fatally defective, but, from an examination of the testimony by the appellate court, it appears probable that the conviction would be sustained under a proper information, the judgment should be reversed and the cause remanded with directions to the trial court to proceed in accordance with section 5290, Revised Statutes 1909.

3. ——: Defective Judgment: Physicians and Surgeons.  In a prosecution under section 8315, Revised Statutes 1909, which provides that one practicing medicine without a license shall be guilty of a. misdemeanor, and, on conviction, shall be punished by fine of not less than $50 nor more than $500, or by imprisonment in the county jail for not less than thirty days. nor more than one year, or by both, a judgment, after conviction, that accused be imprisoned for thirty days in jail, pay the costs accrued in the case, and stand committed until the sentence be complied with, and that he pay to the state a fine of $500 with the costs accrued and that execution issue therefor, is defective as apparently imposing separate sentences adjudging two sets of costs and leaving it matter of doubt as to what punishment is actually inflicted.

Appeal from St. Louis Court of Criminal Correction.— *Hon. Benj. J. Klene,* Judge.

REVERSED AND REMANDED (*with directions*)'.

*William E. Fish* for Appellant; *Chas. J. Maurer* of counsel.

The information in this case is fatally defective, as shown by a decision of this court, in State v. Hellscher, 129 S. W. 1035, in which the information was held "fatally defective in failing to charge that the accused was a physician or surgeon 'not registered as such on or prior to March 12, 1901; also in State v. Brand, 131 S. W. 923.' "

*Howard Sidener,* Prosecuting Attorney, and *S. S. Bass* for respondent.

(1)   The finding of the court is warranted by the evidence and the law.   Kansas City v. Baird, 92 Mo.

App. 204; State v. Blumenthal, 141 Mo. App. 502; State v. Smith, just decided by Supreme Court; State v. Allcut, 20 N. Y. Criminal Rep. 560; State v. Oneil, 3 L. R. A. (new series) 763. (2) It is conceded, however, that the information herein is defective and cannot be sustained in view of the ruling of this court on similar information as expressed in State v. Hellscher, 129 S. W. 1035; State v. Brand, 131 S. W. 923; the first of which cases has been followed and adopted by our Supreme Court in the recent case of State v. Carson, 132 S. W. 587. (3) The trial judge, having found the appellant guilty, and examination of the record will satisfy this court that he was fully justified and there is reasonable and probable ground to believe that the appellant can be convicted of an offense, it is respectfully suggested that the case be remanded with directions to the trial court to sustain respondent motion in arrest of judgment with leave if the State desires to file a new information in accordance with section 5290, Revised Statutes 1909, and the following construing the same. State v. Wacker, 16 Mo. App. 417; State v. Raymond, 54 Mo. App. 425; State v. O'Connor, 58 Mo. App. 457; State v. Sayman, 61 Mo. App. 244.

REYNOLDS, P. J.—Information was filed in the Court of Criminal Correction of the city of St. Louis, against defendant, charging that defendant "not being then and there a registered physician and holding and having no license issued to him from the State Board of Health from the State of Missouri, authorizing him to practice medicine and surgery in said State of Missouri, did then and there indicate that he was engaged in a practice of medicine and that he treats the sick and others afflicted with bodily and mental infirmities, for compensation, by then and there offering to treat one . . . (giving name) for heart disease in consideration of the sum of forty dollars to be given him by the

said . . . (giving name), contrary to the form of the statute in such case made and provided, and against the peace and dignity of the state."

On the trial before the court, a jury having been waived, and defendant having pleaded not guilty, he was found guilty. Whereupon the court entered up the following judgment: "It is therefore considered, and adjudged by the court that the said defendant for his said offense be imprisoned in the jail of the city of St. Louis for a term of thirty days, that he pay the cost herein accrued, and that he stand committed until this sentence be complied with. It is further considered and adjudged by the court, that the said defendant pay to the State of Missouri for use of the city of St. Louis a fine of five hundred dollars, together with the costs herein accrued and that execution issue therefor." Defendant interposing a motion for new trial and in arrest, both of which being overruled and exception saved, has duly perfected appeal to this court.

The information in this case contains the same fatal defect pointed out in the case of State v. Hellscher, 150 Mo. App. 230, 129 S. W. 1035, that is, it fails to negative the exception contained in section 8315, Revised Statutes 1909. This case was cited approvingly by our Supreme Court in the case of State v. Carson, 231 Mo. 1, 132 S. W. 587, l. c. 590, and was followed later by this court in the case of State v. Brand, 153 Mo. App. 27, 131 S. W. 923. On the authority of the decisions in these cases the judgment will have to be reversed, as the motion in arrest should have been sustained.

In the two cases above referred to, State v. Hellscher and State v. Brand, we reversed without remanding, discharging the defendant. Relying upon this, learned counsel for appellant, claiming that defendant should be discharged, argue that while the state failed to prove facts warranting a conviction and that they could hence ask that the case be reversed, even if the information were sufficient, yet as the information is

fatally defective, say they see no necessity for asking the court to review the whole case, believing that the court, adhering to its decisions in the above cases, will reverse without remanding and will discharge the defendant. Hence they make no argument as to errors claimed to have been committed in the trial. On examination of the adjudged cases, we have concluded that we were in error in the above cases in discharging the defendant merely for defects in the informations. When, on an examination of the testimony it appears probable that under a proper information the conviction should be sustained, the cause should be remanded. We have read all the evidence in this case with great care, and are not prepared to say that the finding of the learned trial court is unsupported by it. See State v. Smith, — Mo. —, not yet officially reported, decided March, 1911. Nor do we find any reversible errors in ruling on the evidence. That being so, under section 5290, Revised Statutes 1909, as interpreted in State v. Quinn, 49 Mo. App. 602; State v. Sayman, 61 Mo. App. 244, and other cases, the proper order to enter in a case of this kind is that the judgment be reversed and the cause remanded with directions to the trial court to proceed in accordance with that section.

We have set out the judgment in this case to call attention to its exceedingly defective form. It directs that defendant be imprisoned for a term of 30 days in the jail of the city of St. Louis and that he pay the costs herein accrued and that he stand committed "until this sentence be complied with." It then proceeds: "It is further considered and adjudged by the court, that the said defendant pay to the State of Missouri for use of the city of St. Louis a fine of five hundred dollars, together with the costs herein accrued and that execution issue therefor." Whether this defendant, if the conviction stands, is to be committed until the fine is paid or whether that fine is to be collected on execution merely is not clear. It seems to impose separate sen-

tences and to adjudge two sets of costs and leaves it a matter of doubt as to what punishment is actually inflicted on defendant and how to be enforced. The statute (R. S. 1909, sec. 8315) applicable is very plain in its requirement. It provides that the party violating this law shall be deemed guilty of a misdemeanor and on conviction, be "punished by a fine of not less than fifty dollars nor more than five hundred dollars, or by imprisonment in the county jail for a period of not less than thirty days nor more than one year, or by both such fine and imprisonment for each and every offense." Costs follow, as of course. The judgment in a case of this kind should conform to this very plain statute.

The judgment of the Court of Criminal Correction is accordingly reversed and the cause remanded with directions to the Court of Criminal Correction to proceed in accordance with the provisions of section 5290. *Nortoni* and *Caulfield, JJ.,* concur.