STATE OF MISSOURI, Respondent, v. WILLIAM
C. HUMFELD, Appellant.

**St. Louis Court of Appeals, April 7, 1914.**

1. **PHYSICIANS AND SURGEONS: Practicing Without License:
Sufficiency of Information: Negativing Proviso.** An informa-
tion against a physician for practicing medicine without a
license, in violation of Sec. 8315, R. S. 1909, which charges
the offense in the language of a statute is sufficient, notwith-
standing it fails to negative the proviso to the statute, to the
effect that physicians registered on or prior to March 12, 1901,
shall be regarded as licentiates, since the proviso does not con-
stitute a part of the description of the offense, but merely
exempts a class, and hence the exemption it contains, to be
available, must be insisted on by way of defense.

2. **INDICTMENTS AND INFORMATIONS: Negativing Proviso to
Statute.** Where a statute creating and defining an offense con-
tains an exception or proviso which constitutes a part of its
description, it is necessary that the indictment or information
negative such exception or proviso, and this is true although
the exception or proviso is contained in a section subsequent
to the one which denounces the offense; but where the proviso
merely exempts a class from the operation of the statute, it is
not necessary that the indictment or information negative
the proviso, and the exemption it contains is a matter of
defense to be put forward by the accused.

3. **CRIMES AND PUNISHMENTS: Appellate Practice: Argu-
ment of Prosecuting Attorney: Prerequisites to Review.** It is
a prerequisite to the review, on appeal, of statements made
by the prosecuting attorney in his argument to the jury, charged
to have been unwarranted by the evidence, that defendant
object to the improper remarks when made and call the attention
of the court thereto, and, if the court fails to rebuke counsel,
save an exception to such failure.

Appeal from Franklin Circuit Court.—*Hon. R. A.
Breuer,* Judge.

AFFIRMED.

*Jesse H. Schaper* and *Morris & Hartwell* for ap-
pellant.

(1) The court erred in not granting defendant's
motion to quash the information as it is fatally de-

fective.   State v. Hellscher, 150 Mo. App. 230; State
v. Brand, 153 Mo. App. 27; State v. Carson, 132 S. W.
587; State v. Hellscher, 156 Mo. App. 63.   (2) The
prosecuting attorney in his argument to the jury made
remarks not based upon the evidence and clearly pre-
judicial to the defendant.   State v. Prendible, 165 Mo.
329; State v. Fischer, 124 Mo. 460; State v. Ulrich, 110
Mo. 350; State v. Young, 99 Mo. 666.

*John T. Barker,* Attorney-General, and *W. T.
Rutherford,* Assistant Attorney-General, for respond-
ent.

(1) The information is not fatally defective be-
cause it does not negative the registration of appellant
on or before March 12, 1901.   State v. Smith, 233 Mo.
253; State v. O'Brien, 74 Mo. 550; State v. Price, 229
Mo. 682; Ledbetter v. United States, 170 U. S. 611;
Witty v. State, 25 L. R. A. (N. S.) 1299; Parks v.
State, 59 L. R. A. 192; Smith v. People, 36 L. R. A.
(N. S.) 161.   (2) Prejudicial remarks made by the
prosecuting attorney in his argument to the jury are
not reviewable on appeal unless objected to at the
time they were made.   State v. Gartrell, 171 Mo. 512;
State v. Groce, 230 Mo. 706; State v. Phillips, 233 Mo.
307.

NORTONI, J.—Defendant was convicted on a
charge of practicing medicine and treating the sick
without a license first had and obtained from the State
Board of Health, and this appeal is prosecuted from
that judgment.

The principal question for consideration here re-
lates to the sufficiency of the information, in that it
omits a negative averment to the effect that defendant
was not registered on or prior to March 12, 1901, as is
contemplated in the proviso to the statute under which
the prosecution is had.   The statute is as follows:

"Any person practicing medicine or surgery in this State, and any person attempting to treat the sick or others afflicted with bodily or mental infirmities, and any person representing or advertising himself by any means or through any medium whatsoever, or in any manner whatsoever, so as to indicate that he is authorized to or does practice medicine or surgery in this State, or that he is authorized to or does treat the sick or others afflicted with bodily or mental infirmities, without a license from the State Board of Health, as provided in this article, or after the revocation of such license by the State Board of Health, as provided in this article, shall be deemed guilty of a misdemeanor, and punished by a fine of not less than fifty dollars nor more than five hundred dollars, or by imprisonment in the county jail for a period of not less than thirty days nor more than one year, or by both such fine and imprisonment for each and every offense; and treating each patient shall be regarded as a separate offense. Any person filing, or attempting to file as his own a license of another, or a forged affidavit of identification, shall be guilty of a felony, and, upon conviction thereof, shall be subject to such fine and imprisonment as are made and provided by statutes of this State for the crime of forgery in the second degree. Said fines to be turned into the State treasury when collected: Provided, that physicians registered on or prior to March 12, 1901, shall be regarded for every purpose herein as licentiates and registered physicians under the provisions of this article. [Laws 1901, p. 207, Amended Laws 1907, p. 358; Sec. 8315, R. S. 1909.]

It will be observed that, by the proviso contained in the concluding lines of the statute, physicians registered on or prior to March 12, 1901, are exempted from the penalties prescribed, in that they are to be regarded as licentiates in accordance with other provisions of the article of which the section quoted is parcel. The

information against defendant, and on which he was convicted, charges an offense in the language of the statute, but omits to negative the exception reflected in the proviso thereof. Because of this fact it is urged the information is insufficient in law and that it should be so declared here.

It appears that heretofore the court took this view of the matter and so declared the rule in State v. Hellscher, 150 Mo. App. 230, 129 S. W. 1035; State v. Brand, 153 Mo. App. 27, 131 S. W. 923; State v. Hellscher, 163 Mo. App. 352, 143 S. W. 850. But the Supreme Court decision portraying a contrary view in State v. O'Brien, 74 Mo. 549, was not called to our attention at that time. The case last cited is in point on the question now in judgment, for it presented the matter of an indictment preferred against one on the charge of practicing medicine under a statute containing a proviso very similar to the section above set forth.

When a statute creating and defining an offense contains an exception or proviso which constitutes a part of its description, it is essential to negative such exception or proviso in the information or indictment, for the reason that the offense may not be described without so doing. [See U. S. v. Cook, 84 U. S. 168.] For a case highly illustrative under this rule and calling for a negative averment in the indictment, see State v. Meek, 70 Mo. 355. Indeed, the doctrine obtains alike though such proviso or exception is contained in a subsequent section, for if it is descriptive of the offense, then negative words concerning it are to be employed in the information, to the end of bringing the charge within the exception or proviso and describing the offense with that clearness to which the accused is always entitled. [See State v. Hamlett, 129 Mo. App. 70, 107 S. W. 1012.] But, however this may be, in the instant case the proviso asserted as the exception is parcel of the statute creating and denouncing the offense.

Touching such a statute and such a proviso, the Supreme Court thus stated the rule in State v. O'Brien, 74 Mo. 549, 551:

"Whenever an exception is contained in the section defining an offense, and constitutes a part of the description of the offense sought to be charged, the indictment must negative the exception, otherwise no offense is charged. [State v. Meek, 70 Mo. 357; State v. Shiflett, 20 Mo. 415.] But where, as in the case at bar, the section which defines the offense contains a proviso exempting a class therein referred to, from the operation of the statute, it is unnecessary to negative the proviso, but the exemption therein contained must be insisted on by way of defense, by the party accused. [State v. Cox, 32 Mo. 566; State v. Shiflett, 20 Mo. 417, and authorities there cited.]"

The rule thus stated has been but recently quoted and affirmed by our Supreme Court in a case very similar to this one, involving a prosecution under the identical statute before us, as will appear by reference to State v. Smith, 233 Mo. 242, 253, 254, 255, 135 S. W. 465. [See, also, to the same effect Kelly's Criminal Law & Practice (3 Ed.) (Lee), Sec. 193.] It is entirely clear that the information is sufficient though it contained no negative averment touching the subject-matter of the proviso, for as to this it devolved upon defendant to show the fact in defense. In so far as a contrary rule is declared in State v. Hellscher and State v. Brand and State v. Hellscher, supra, those three cases should be overruled.

In concluding his argument for the State, the prosecuting attorney made some statements which it is said were unwarranted by the evidence, and it is urged the judgment should be reversed because of this fact. But these matters may not be reviewed here, for the reason no objection or exception was made to such remarks at the time. In order to preserve matter of this kind for review, on appeal, under our prac-

tice, it is incumbent on defendant to object to the improper remarks of the counsel at the time they are made and to call the attention of the court thereto, and, then, if the court fails to rebuke the counsel in such a manner as the circumstances may require, an exception should be saved respecting the failure of the court in that behalf. This course was not pursued here, and the subject-matter complained of must be regarded as waived by defendant and thus precluded from review on appeal. [State v. Phillips, 233 Mo. 299, 307, 135 S. W. 4; State v. Groce, 230 Mo. 702, 706, 132 S. W. 237.]

The judgment should be affirmed. It is so ordered. *Reynolds, P. J.,* and *Allen, J.,* concur.