# STATE OF MISSOURI, Respondent, v. H. P. HUXOLL, Appellant.

### Kansas City Court of Appeals, July 6, 1915.

1. **INDICTMENTS AND INFORMATIONS: Practicing Medicine Without License.** An indictment, which in one court charges a defendant with practicing medicine without a license from the State Board of Health, and, also with failing to record his license in the county of his residence, is not a good indictment, because the latter offense is under section 8314, R. S. 1909, and the former under section 8315, R. S. 1909, and, further, because two or more distinct separate offenses cannot be charged in the same count of an indictment.

2. ——: ——: **Language of Statute.** Where an indictment is not in the language of the statute and does not negative the exceptions therein contained, it comes within the rule that, where an indictment is unnecessarily particular in its negatives, the State is concluded by it, if it fails to specifically negative all exceptions.

3. **INSTRUCTIONS: Practicing Medicine Without License.** An instruction which told the jury that they should find the defendant guilty if they believed from the evidence beyond a reasonable doubt that the defendant, for pay, treated the person, and, at the time of such treatment, if any, "had no license from the State Board of Health recorded in the office of the county clerk," etc., is erroneous.

Appeal from Gasconade Circuit Court.—*Hon. R. A. Breuer,* Judge.

REVERSED.

*W. J. Ellis* for respondent.

*Garlington & White* and *Morris & Hartwell* for appellant.

TRIMBLE, J.—Defendant was prosecuted by indictment, under section 8315, Revised Statutes 1909, for practicing medicine without a license from the State Board of Health. He was convicted and fined $50, from which he appeals.

The conviction cannot be permitted to stand for several reasons. One of which is that the State's instruction defining the offense told the jury that they should find the defendant guilty if they believed from the evidence beyond a reasonable doubt that the defendant, for pay, treated the sick person, and, at the time of such treatment, if any, "had no license from the State Board of Health recorded in the office of the county clerk," etc. This would permit the jury to find the defendant guilty if they had found that he had a license from the State Board of Health but had not recorded it in the county. Such act would be an offense under section 8314, Revised Statutes 1909, which creates a different offense with a different penalty from that of section 8315. The indictment was drawn, and the case was submitted, apparently upon the theory that the two sections created but one offense, which is clearly an incorrect view. The indictment is in one count and charges the defendant with practicing medicine without a license from the State Board of Health and also with failing to record his license in the county

191M.A.20

of his residence. The latter is an offense under section 8314 and the former is an offense under section 8315. These are inconsistent, separate and distinct offenses varying in their elements and having different punishments. The indictment is so worded as to be difficult if not impossible to understand which offense is in fact sought to be charged and relied upon even if it can be said that it so negatives the existence of a certificate from the State Board of Health as to render the charge of failing to record same in the county of defendant's residence mere surplusage. We are of the opinion that this charge cannot be treated as surplusage. It was not so treated in the trial and we are therefore of the opinion that the indictment was not good as a foundation for this criminal prosecution. It is well settled that two or more distinct and separate offenses cannot be charged in the same count of an indictment. The indictment also negatives the fact that defendant belongs to certain specified classes of persons to which article one of chapter 78, Revised Statutes 1909, does not apply, but the indictment fails to contain all of said exceptions. Without deciding whether the indictment is bad because it fails to aver that defendant is not a physician who was registered on or prior to March 12, 1901, as was held in State v. Hellscher, 150 Mo. App. 230 (and cited with approval by the Supreme Court in State v. Carson, 231 Mo. 1, l. c. 13, though the citation erroneously gives the volume and page of the Hellscher case as being 149 Mo. App. 231), and as also held in State v. Brand, 153 Mo. App. 27, and State v. Hellscher, 156 Mo. App. 62, or whether it is not defective on that account as held in State v. Humfeld, 182 Mo. App. 639, wherein the St. Louis Court of Appeals overrules its former decisions on this point, we are of the opinion that this indictment, not being in the language of the statute and having undertaken to negative the exceptions therein contained, should have negatived all of them. The rule is that where

an indictment is unnecessarily particular in its negatives the State is concluded by it if it fails to specifically negative all of the exceptions. [22 Cyc. 347; State v. Pitzer, 23 Kans. 175.] We are therefore of the opinion that the judgment should be reversed without remanding since if the State desires to further prosecute it would be better to start a new prosecution upon a proper indictment rather than to attempt to pursue this under the present indictment as it is drawn.

The judgment is therefore reversed with directions to discharge the defendant from further liability on account of this indictment. All concur.